Argued October 29, affirmed November 11, 1971, petition for
rehearing denied January 12, petition for review
denied April 18, 1972

## JOHN RAY SCHARBROUGH, *Appellant, v.* CUPP, *Respondent.*

490 P2d 529

*Kenneth S. Solomon,* Portland, argued the cause for appellant. With him on the briefs were Solomon, Warren & Killeen, Portland.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jim G. Russell, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

PER CURIAM.

We adopt the findings and conclusions of the post-conviction court as our opinion in this post-conviction proceeding.

"* * * * *

## "FINDINGS OF FACT

"1. Petitioner was indicted in Multnomah County Circuit Court for the crime of Assault and Robbery Being Armed with a Dangerous Weapon. He pleaded not guilty, went to trial, was found guilty by verdict of the jury, and was sentenced on

November 3, 1965 to the Oregon State Penitentiary for a term not to exceed 25 years.[①]

"2. [Thereafter] [a]t the request of petitioner, the court on November 19, 1965 vacated that portion of the sentence of November 3, 1965, which imposed the 25 year sentence, and imposed a life sentence after petitioner entered a plea of guilty. The judgment order of November 19, 1965, recites that the prior plea of not guilty was withdrawn. However, this fact is not reflected in the record. After the entry of plea and resentencing, other indictments of armed robbery and assault with a dangerous weapon were dismissed.

"3. In his Amended Petition, petitioner seeks to vacate the judgment of November 19, 1965, and reinstates [sic] the earlier judgment on the grounds that: (1) The circuit court lacked jurisdiction to impose a new sentence; (2) The circuit court lacked authority to vacate a legal sentence, enter an additional plea, and then sentence the petitioner to a greater term; (3) The latter sentence violates the constitutional provisions against double jeopardy; (4) The plea of guilty was coerced by the trial court's participation in the plea bargaining; and (5) The plea of guilty was coerced by the threat of vexatious prosecution.

"Based upon the foregoing the Court makes the following

"CONCLUSIONS OF LAW

■ "1. As petitioner had not been committed pursuant to the 25 year sentence, and the judgment had not therefore been executed, the Circuit Court still had jurisdiction of the cause. *State v. Ludwig,* 218 Or. 483; *State v. Voshell,* 247 Or. 534.

---

[①] Other felony indictments were pending against the petitioner. Prior to November 19, during a conversation between counsel for petitioner and counsel for the state, the latter indicated in effect that if the court had sentenced petitioner to life in prison on the robbery conviction the state would have moved for the dismissal of the other pending felony indictments.

■ "2. Although a sentence cannot be increased once service of the sentence has commenced, the trial court has the power to resentence a defendant, increasing the severity thereof, so long as it is done prior to commencement of service of the lesser sentence. *Vincent v. United States,* 337 F.2d 891 (8th Cir. 1964). Where the defendant is the moving party, the power of the trial court to so act is even more clear.

■ "3. Because petitioner's sentence was increased prior to his commitment in execution of the judgment, no double jeopardy is involved. *Oxman v. United States,* 148 F.2d 750 (8th Cir. 1945).

■ "4. The plea of guilty was a nullity and the issue of plea bargaining is therefore irrelevant. The defendant was found guilty by a jury verdict and the 25 year sentence was vacated and a life sentence imposed at the petitioner's request. Petitioner was represented by counsel, was acting under the advice of counsel, and there is no suggestion of incompetence of counsel.

"5. Petitioner's contention of vexatious prosecution is without merit.

"Based upon the foregoing Findings of Fact and Conclusions of Law, the Court makes the following

"JUDGMENT

"IT IS HEREBY ORDERED that the Amended Petition for Post-Conviction Relief on file herein be, and the same hereby is, dismissed with petitioner obtaining no relief thereby.

"\* \* \* \* \*"

Affirmed.