Argued July 21, reversed August 25, 1975

STATE OF OREGON, *Respondent, v.* CARL
EDWARD OLSON (No. 74-5573), *Appellant.*

539 P2d 166

*Terence J. Hammons,* Eugene, argued the cause
for appellant. With him on the brief were Hammons,
Phillips & Jensen, Eugene.

*Rion Bourgeois,* Certified Law Student, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from an order overruling his objections to a prior order incorporating a "cost bill" filed by the state following his conviction on a plea of guilty to the offense of forgery in the second degree. ORS 165.007.

Defendant's plea was entered on December 18, 1974; on January 6, 1975 the court imposed a sentence consisting of a fine in the sum of $87 (together with an assessment of $3) and confinement in the Lane County Jail for a period of 44 days, with credit for time served. One week later, in an attempt to secure indemnification for the "special costs"[1] of defendant's prosecution, the state filed its cost bill in the amount of $130.64. An order adjudging defendant responsible for those costs was entered the same day. Objections to the cost bill were filed by defendant; subsequent to a hearing the court entered its order overruling those objections on February 4, 1975.

■ (1) Correctly contending that this court lacks "jurisdiction" over this matter absent a statute permitting an appeal from an order settling a cost bill, the state asserts that when a judgment of conviction is based upon a guilty plea an appeal is statutorily limited to the question of whether "an excessive fine

---

[1] "Special costs" itemized by the state included grand jury witness fees, the cost of appointed counsel, and a "prevailing fee" allegedly authorized by ORS 20.070.

or excessive, cruel or unusual punishment" has been imposed.[2] A fortiori, the state says that, when a defendant seeks to avoid an order made pursuant to ORS 161.665[3] on the ground that the circuit court either lacked jurisdiction to issue such an order or failed to properly assess the costs so imposed,[4] he is required to pursue his remedy through the post-conviction procedures provided for in ORS 138.510 through 138.680.

Citing both ORS 138.050 and its prior opinion in *State v. Jairl*, 229 Or 533, 368 P2d 323 (1962), the Supreme Court concluded in *State v. Dixon*, 238 Or 121, 122-23, 393 P2d 204 (1964), that "[a]fter a plea of guilty, only the excessiveness *or illegality* of the sentence may be considered upon an appeal" (emphasis supplied), and went on to consider the defendant's argument that the statute under which an indeterminate sentence had been imposed was unconstitutional. Relying in part upon that decision, we have previously assumed that challenges of either the au-

---

[2] ORS 138.050; *State v. Shannon*, 242 Or 404, 409 P2d 911 (1966); *State v. Jairl*, 229 Or 533, 368 P2d 323 (1962).

[3]
"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law." ORS 161.665(1) and (2).

[4]
"The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." ORS 161.665(3).

thority or the procedures employed by sentencing courts which raise questions capable of being resolved only through an evidentiary hearing *must* be the subject of a post-conviction proceeding. Where a defendant seeks to raise a purely legal issue relating to his sentence, however, and the record is sufficient to properly give rise to that question, we have assumed the action may be pressed either on appeal or in a post-conviction proceeding with neither remedy being exclusive. *DeBolt v. Cupp,* 19 Or App 545, 528 P2d 601 (1974), Sup Ct *review denied* (1975).[5]

If, therefore, the imposition of costs in this case is properly characterized as an attempt by the circuit court to amend defendant's sentence, this appeal would be cognizable here as one involving "matters pertaining to"[6] that sentence. The terms of ORS 161.665-161.685 do, in fact, appear to contemplate that an order requiring payment of costs is to be entered as an element of a defendant's sentence. ORS 161.-665(3) and (4) specifically provide that:

"(3) The court *shall not sentence* a defendant to pay costs unless the defendant is or will be able to pay them * * *.

"(4) A defendant *who has been sentenced* to pay costs and who is not in contumacious default * * * may at any time petition *the court which sentenced him* for remission of the payment of costs * * *." (Emphasis supplied.)

Similarly, both ORS 161.675 and 161.685 (providing

---

[5] *State v. Fuller,* 12 Or App 152, 504 P2d 1393, Sup Ct *review denied* (1973), *aff'd,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974), in which ORS 161.665-161.685 (the same provisions relied upon by the state in this case as authority for the imposition of costs) were upheld as constitutionally sound, was in fact decided in the context of *an appeal* by the defendant.

[6] *See State v. Van Valkenberg,* 10 Or App 51, 498 P2d 797 (1972).

for the time and method of payment and dealing with the effect of nonpayment) are limited in their application to cases in which "a defendant is sentenced to pay a fine or costs * * *." In light of these provisions, we are satisfied that defendant's appeal from the imposition of special costs in this case falls within the scope of ORS 138.050 and may be considered on its merits.

■ (2) Defendant argues that because he had "entered into service" of the sentence imposed on January 6, 1975 prior to the filing of the cost bill by the state —the $90 fine and assessment having been satisfied by crediting his security deposit (in lieu of bail) and the 44-day jail sentence having been served while awaiting trial—the circuit court lacked "authority"— i.e., jurisdiction—to amend that sentence by subsequently imposing the special costs itemized by the state on January 13.

In *State v. Leathers*, 271 Or 236, 531 P2d 901 (1975), the defendant had been convicted in Harney County of a misdemeanor and sentenced to 60 days' imprisonment to be served on weekends. Because defendant was a resident of Multnomah County and operated a business there which would suffer if the sentence were to be served in Harney County, the court specifically provided that his confinement would take place at the Multnomah County Jail. After defendant had served at least one weekend of this sentence, the District Attorney for Harney County filed a motion to set the entire sentence aside on the ground that the court had been without authority to order defendant's confinement in any county other than Harney. The court then reconsidered its previous action and entered an order requiring defendant to serve the balance of the 60 days originally imposed in Harney County.

On appeal defendant contended that since he had

begun serving his sentence in Multnomah County, any subsequent change in the sentence which in any manner changed the effective penalty violated Oregon law, citing *State v. Nelson*, 246 Or 321, 424 P2d 223, *cert denied*, 389 US 964 (1967). That claim was ultimately rejected by the Supreme Court which did note, however:

> "* * * [*T*]*his may be true as to valid sentences, Scharbrough v. Cupp*, 7 Or App 596, 599, 490 P2d 529 (1971), *cert. denied*, 409 US 951, 93 S Ct 295, 34 L Ed2d 221 (1972), [but] it is not true where the initial sentence is void for lack of sentencing authority. In *State v. Nelson, supra* at 324, this court stated:
>
> > " 'Subject to exceptions not here pertinent, *it is the rule in this state that the trial court may not revise its judgment and increase the sentence even during the term at which it was pronounced if "the judgment has gone into effect by commitment of the defendant under it, * * *."* State v. Ludwig, 218 Or 483, 492, 344 P2d 764; *State v. Cannon*, 11 Or 312, 314, 2 P 191.
> >
> > " ' * * * * * *.' " 271 Or at 240. (Emphasis supplied.)

At bar, the sentence imposed by the circuit court on January 6, 1975 was indisputably within its authority and valid. Once defendant had "commenced service" of that sentence—that is, had begun to serve the jail sentence or paid the fine—the trial court's jurisdiction to supplement it by amendment was exhausted. Absent such jurisdiction the court's order of January 13 was a nullity and defendant's objections were well taken.

In light of our disposition of this appeal discussion of additional assignments of error raised by defendant is unnecessary.

Reversed.