**Francis Edward KLIMAS, Appellant,**

v.

**James MABRY, Commissioner, Arkansas Department of Correction, Appellee.**

No. 78–1663.

United States Court of Appeals, Eighth Circuit.

Aug. 13, 1979.

HENLEY, Circuit Judge, dissenting from Action of Court in Denying Rehearing En Banc.

After the panel opinion in this case was filed on May 30 of this year, 599 F.2d 842, counsel for respondent requested a rehearing but did not request a rehearing en banc. Deeming the questions presented to be serious and not being satisfied with the result reached by the panel, I requested that the full court be polled as to whether the case should be reheard en banc. Rule 7, United States Court of Appeals for the Eighth Circuit.

My view was that the State of Arkansas should be given the option of having petitioner sentenced to imprisonment for not more than 21 years [1] or of giving him a new trial on all issues and not simply on the issue of length of sentence.

While the request for a poll gained some support, a majority of judges voted against it, and as a consequence rehearing and rehearing en banc were denied. For reasons to be stated, I dissent from the action of the majority of the court in permitting the panel opinion to stand without rehearing.

In my opinion the decision of the court undercuts and largely destroys what I consider to be a desirable Arkansas procedural practice where a defendant has been convicted of being an habitual criminal on evidence of both valid and invalid (or unsatisfactorily evidenced) convictions of prior offenses. In appellate context, the established practice has been for the Supreme Court of Arkansas to direct that the invalid prior convictions be ignored and to remand the case with the State being given the following option: (1) To agree to a minimum sentence being imposed on the defendant on the basis of undisputed validly established convictions; or, (2) to agree to a new trial for the defendant on all issues, not just the issue of proper punishment.

That practice was basically followed by the Arkansas Supreme Court in this case, *Klimas v. State,* 259 Ark. 301, 534 S.W.2d 202, 207 (1976),[2] and upon remand the State agreed to a 42 year sentence that was imposed. The practice had been followed in the earlier Arkansas cases of *McConahay v. State,* 257 Ark. 328, 516 S.W.2d 887 (1975), and *Wilburn v. State,* 253 Ark. 608, 487 S.W.2d 600 (Ark.1972). We expressly approved the practice in *Cox v. Hutto,* 589 F.2d 394 (8th Cir. 1979), and while on the district bench in 1974 I approved it in the unpublished opinion in *Thacker v. Hutto,* No. PB–74–C–225 (E.D.Ark.), with my decision being affirmed in the likewise unpublished opinion in *Thacker v. Hutto,* No. 74–1912 (8th Cir. 1975).

The option granted to the State by the court in this case is: (1) Do nothing and let the district court set aside the petitioner's conviction, issue its writ of habeas corpus and thus set the petitioner at liberty; or, (2) within a limited period of time cause to be conducted in the sentencing state court a jury hearing to determine the length of sentence that should be imposed on the petitioner without regard to prior invalid convictions or to convictions, the validity of which is not established satisfactorily.

It seems that the decision of the court understandably may have been influenced by two things: First, the extremely severe sentence imposed on this petitioner for comparatively minor, but not trivial, "property crimes" involving no violence or threat of death or injury to others; second, the fact that between the date of petitioner's conviction in the Circuit Court and the date of the decision of this court, the Arkansas criminal code was extensively rewritten by Act 280 of 1975 which became effective on January

---

1. I felt that in its opinion on rehearing in this case the Supreme Court of Arkansas erroneously proceeded on the premise that the minimum sentence that could have been imposed on petitioner by the Circuit Court was 42 years (two 21 year sentences to be served consecutively); the Circuit Court could have made the sentences run concurrently, Ark.Stat.Ann. § 43–2312 (1964 Repl.), in which case the minimum sentence to which petitioner could have been subjected would have amounted to 21 years.

2. *But see* n.1, *supra.*

1, 1976 and which, at least in one respect, is beneficial to recidivist criminals.[3] The opinion of the court suggests that the liability of the petitioner to punishment on remand proceedings might be governed by the "new" rather than the "old" law. I have a good deal of trouble with that suggestion, largely because I believe that due process requires only that petitioner receive the minimum sentence to which his undisputed valid convictions would have subjected him at time of trial.

The panel opinion recognizes that retrial may be futile where evidence of prior convictions properly submitted to a jury is unchallenged by the defendant, *citing Roach v. State,* 255 Ark. 773, 503 S.W.2d 467 (1973), and *Cox v. Hutto, supra,* 589 F.2d at 394, and inferentially at least concedes that absent a change in the habitual criminal statute the due process violation it found might be rendered harmless. The panel goes on to hold, however, that because it is uncertain whether the new law or the old law would apply on retrial, the writ should issue or a new sentencing hearing should be held. As indicated, I think the new Act is irrelevant to the federal constitutional question presented and to the correction of the constitutional error found.

Aside from that, I question the soundness or practicality of the approach that the court has taken. It is hard to suppose that the same jury that sentenced petitioner nearly five years ago can be reconstituted or that all of the members of that jury would still be qualified to sit in petitioner's case. And there is no Arkansas procedure for the empanelment of a new jury to consider punishment without regard to underlying questions of guilt. Further, if a new

jury is empaneled, it may be doubted that it can consider punishment intelligently without considering underlying guilt and its circumstances as well as prior offenses. Moreover, if a new jury is empaneled to consider either guilt or punishment, or both, serious questions of double jeopardy will arise.

And, then, I doubt that the holding of the court is going to be of any real benefit to the petitioner in this case. In fact, under the decision he may wind up in a worse situation than that in which he now finds himself.[4]

The court should decide en banc the questions presented and on rehearing should act consistently with its own prior decisions and those of the sovereign State of Arkansas by giving the State the option of reducing the sentence to the minimum under the old law or of affording Klimas a new trial at which the state courts, of course, would be free to decide which of its sentencing statutes applied. By so acting this court would leave intact the structure of the law.

I am authorized to say that Chief Judge GIBSON and Judge ROSS join in this statement.

---

**3.** Prior to the effective date of the 1975 statute, burglary and grand larceny were viewed as separate and distinct offenses for habitual criminal statute purposes even though the two crimes were committed as part of the same overall act of criminal conduct. Now, as the court recognizes, a burglary followed by a larceny is considered to be a single offense for purposes of the habitual criminal statute.

**4.** We, of course, have no way of knowing what course this case will take on remand. The State may simply let the case drop and permit petitioner to be released under the writ of the district court. But on retrial under either the "old law" or the "new law" petitioner may receive a sentence substantially in excess of the 21 years I have postulated.