## MABRY, COMMISSIONER, ARKANSAS DEPARTMENT OF CORRECTION *v.* KLIMAS

No. 79–622.  Decided June 30, 1980

PER CURIAM.

The respondent was convicted by a jury in an Arkansas court of burglary and grand larceny.  In accordance with the recidivist statute then in effect in Arkansas, the members of the jury were instructed that if they found that the re-

spondent had been convicted of three prior felony offenses, they could fix his sentence at not less than 21 and not more than 31½ years for both burglary and grand larceny. Evidence was admitted of seven prior felony convictions from Missouri and of six from Arkansas. The jury found that the petitioner had been convicted of three prior felonies, and set his punishment at 31½ years for each of the two offenses of which they had found him guilty. The trial judge ordered that the terms were to be served consecutively.

On appeal, the Arkansas Supreme Court reversed, concluding that the evidence of the Missouri convictions was inadmissible for the purpose of enhancing the respondent's sentence because it did not appear that he had had the assistance of counsel at the trial of those cases. *Klimas* v. *State*, 259 Ark. 301, 303–304, 534 S. W. 2d 202, 204, citing *Burgett* v. *Texas*, 389 U. S. 109 (1967). The court directed that the respondent be retried unless the State agreed to a reduction of his sentence to three years, the minimum sentence that he could have received for the burglary and larceny offenses. 259 Ark., at 309, 534 S. W. 2d, at 207. On rehearing, the court revised the sentence to 42 years, comprised of the two minimum terms of 21 years authorized for the offenses in the case of a defendant having three past convictions. The court reasoned that since the jury had been required to consider the six Arkansas convictions whose validity the respondent had not disputed at trial, it could not have fixed the punishment at less than 21 years for each offense.[1]

---

[1] The respondent contends that the minimum sentence he could have received was 21, not 42 years, since the trial judge was allegedly authorized to direct that the burglary and larceny sentences run concurrently. This was also the view of Judge Henley, dissenting from the Court of Appeals' denial of en banc consideration of the case. 603 F. 2d 158, 159 (CA8 1979). Because the question was not decided either by the Arkansas Supreme Court or by the federal courts in this case, we do not now consider it.

The respondent then sought a writ of habeas corpus in a Federal District Court, alleging that his sentencing after trial had been unconstitutional and was not remedied by the Arkansas Supreme Court's revision of it to 42 years. The District Court dismissed the suit for want of jurisdiction, but the Court of Appeals reversed, concluding that the respondent had been denied due process of law by the State's failure to permit him to be resentenced by a jury, in accord with what it understood to be state statutory law. 599 F. 2d 842 (CA8 1979). The Court of Appeals acknowledged that the omission of discretionary resentencing by a jury would not have prejudiced the respondent if, as the Arkansas Supreme Court had concluded, he had received the most lenient sentence authorized by law for the offenses of which he had been convicted. Cf. *Hicks* v. *Oklahoma,* 447 U. S. 343 (1980).[2] But the Court of Appeals believed that resentencing was required in this case because the habitual offender statute had been amended since the respondent's trial, and, if applied to him, the amended statute would provide a lower minimum

---

[2] In *Hicks* v. *Oklahoma,* this Court held that the right of a criminal defendant under state law to have his punishment fixed in the discretion of the trial jury gave him "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, cf. *Greenholtz* v. *Nebraska Penal Inmates,* 442 U. S. 1, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State. See *Vitek* v. *Jones,* 445 U. S. 480, 488–489, citing *Wolff* v. *McDonnell,* 418 U. S. 539; *Greenholtz* v. *Nebraska Penal Inmates, supra; Morrissey* v. *Brewer,* 408 U. S. 471." 447 U. S., at 346. The jury in *Hicks* had fixed the petitioner's punishment at 40 years, in accord with the mandatory terms of the State's habitual offender statute then in effect. On appeal, the mandatory provision was determined to be invalid, but the appellate court nonetheless affirmed the 40-year sentence because it was within the range of punishments that a correctly instructed jury could have imposed in any event. This Court concluded that the deprivation of a discretionary jury sentence that could well have been less than 40 years had denied the petitioner due process of law. *Ibid.*

sentence.[3]  Accordingly, while the court expressed uncertainty whether the amendment applied to the respondent, it nonetheless ordered that the District Court issue the writ unless he was resentenced by a jury.

The claim that the respondent is entitled to be resentenced by reason of the amended recidivist statute apparently has not been presented to the state courts.  In these circumstances, in the absence of any reason to believe that state judicial remedies would now be unavailable, a federal court is required to stay its hand "to give the State the initial 'opportunity to pass upon and correct' alleged violations of . . . federal rights."  *Wilwording* v. *Swenson,* 404 U. S. 249, 250 (1971), quoting *Fay* v. *Noia,* 372 U. S. 391, 438 (1963).  See *Picard* v. *Connor,* 404 U. S. 270, 277–278 (1971).  The requirement that state remedies first be pursued, codified in the federal habeas corpus statute, 28 U. S. C. §§ 2254 (b) and (c), is particularly appropriate where, as here, the federal constitutional claim arises from the alleged deprivation by state courts of rights created under state law.  The Court of Appeals acknowledged that the construction of the statute, plainly a matter for the state courts to decide, was at best uncertain.  Obviously, therefore, the state courts can in no sense be said to have arbitrarily denied any right they were asked to accord.

The petition for certiorari and the respondent's motion for leave to proceed *in forma pauperis* are granted, the judgment of the Court of Appeals is reversed, and the case is remanded to that court for proceedings consistent with this opinion.

*It is so ordered.*

Mr. Justice Marshall concurs in the judgment.

---

[3] The revised statute by its terms applies only to offenses committed after January 1, 1976.  See Ark. Stat. Ann. §§ 41–102 (1) and (3) (1977). The respondent was convicted and sentenced in the trial court in 1975, and the case was reheard by the Arkansas Supreme Court in March 1976, when the court modified his sentence, presumably in accord with the state law then governing the case.