**James Richard ALLBEE,
Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Respondent-Appellee.**

No. 82–3583.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1983.

Decided Sept. 20, 1983.

Thomas Denney, Asst. Atty. Gen., Salem, Or., for respondent-appellee.

Stephen R. Sady, Asst. Federal Public Defender, Portland, Or., for petitioner-appellant.

Before SNEED, FARRIS, and CANBY, Circuit Judges.

SNEED, Circuit Judge:

Appellant James Allbee hijacked an airplane with 119 people on board and was convicted in Oregon Circuit Court on eleven counts of kidnapping in the first degree. Each conviction was for violation of state law, an earlier federal trial having ended in a mistrial. Allbee received three consecutive twenty-year sentences and eight concurrent twenty-year sentences.

Allbee appealed to the Oregon Court of Appeals, which affirmed his conviction without opinion. Pursuant to an understanding with the Oregon Attorney General's Office, Allbee deliberately bypassed the Oregon Supreme Court and brought his habeas corpus petition directly to federal court under 28 U.S.C. § 2254. We have since described this procedural irregularity, and held that petitioners so avoiding Oregon Supreme Court review do not satisfy the exhaustion requirement, in *Batchelor v. Cupp,* 693 F.2d 859, 862–63 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983). As in *Batchelor,* however, the time for direct appeal to the Oregon Supreme Court has expired, and Oregon's failure to object to Allbee's procedural default can be treated as a waiver. *See* 693 F.2d at 863–64.

Allbee here appeals the dismissal of his habeas corpus petition. We vacate that dismissal and remand to the district court for dismissal on the grounds stated herein.

In the district court Allbee raised due process challenges to the Oregon trial court's refusal to allow him to waive a jury trial, the sufficiency of the evidence, and the imposition of consecutive sentences. The district court, adopting a magistrate's

recommendations, found that Allbee had exhausted his state remedies. The court then denied Allbee's petition on the merits. We hold that Allbee has not exhausted all available state remedies. Therefore, we do not reach the merits of the claims passed on by the district court. Under these circumstances the proper course is to vacate the judgment of the district court and to remand this case to the district court to dismiss the petition for failure to exhaust available state remedies.

## I.

### ALLBEE'S FAILURE TO EXHAUST AVAILABLE STATE REMEDIES ON HIS SENTENCING CLAIM

Allbee's argument with respect to his sentencing claim is that (1) Oregon has not authorized consecutive sentences and (2) any attempt by the trial court to claim inherent authority to set consecutive sentences deprives him of due process. When Allbee filed his habeas petition and brief on appeal, the Oregon courts' authority to impose *multiple* sentences for a single criminal violation that encompassed multiple victims appeared to be reasonably well-established. *See State v. Linthwaite,* 52 Or.App. 511, 525–26, 628 P.2d 1250, 1260 (1981) (holding as a general rule that multiple sentences were warranted when multiple offenses were committed in a single criminal act

against multiple victims), *rev'd after this appeal was filed,* 295 Or. 162, 665 P.2d 863 (1983). It is likely that this is why Allbee chose not to attack his multiple sentences but complained only about their imposition consecutively.

The Oregon Supreme Court now has reversed *Linthwaite.* The court decided, although arguably only in dictum, *see* 665 P.2d at 871, that whether multiple sentences are proper when the same criminal act affects multiple victims can be determined only by looking at the legislature's directives and intent.[1] The court removed section 131.505(3), on which the magistrate and district court relied, as a possible authorization for multiple sentences.[2] *Linthwaite* also indicates that the propriety of Allbee's sentences must be determined by analysis of multiple sentences under the kidnapping statute. Allbee's constitutional claim turns on this statutory question. He is more likely to be able to build a constitutional challenge on this new foundation than on a challenge to consecutive sentencing.[3] This puts his petition in an entirely new light.

■ Allbee's new challenge, however, must be heard first in state court. Allbee's attack on consecutive sentencing alone did not "fairly present" the more comprehensive multiple sentencing claim.[4] *See Picard*

---

1. The court held that a defendant convicted of four violations of "attempting to use a dangerous weapon," ORS § 166.220(1), could receive only one sentence for his crime. 665 P.2d at 873. To reach this result, the court first found that the text and legislative history of section 166.220(1) contained no clear directives on sentencing. 665 P.2d at 872–73. It then distinguished ORS § 131.505(3), which states that when the same conduct or criminal episode affects multiple victims though violating only one statutory provision, "there are as many offenses as there are victims," as concerned solely with establishing that multiple charges do not violate the principles of double jeopardy. 665 P.2d at 872–73. The court ultimately fell back on the policy of lenity described in *State v. Welch,* 264 Or. 388, 393–94, 505 P.2d 910, 912 (1973). 665 P.2d at 873.

2. *See supra* note 1.

3. The Oregon courts have recently rejected a challenge to their authority to impose consecu-

tive sentences. *State v. Dinkel,* 49 Or.App. 917, 926, 621 P.2d 626, 632 (1980), *citing State v. Jones,* 250 Or. 59, 440 P.2d 371 (1968); *see also State v. Garcia,* 288 Or. 413, 430–32, 605 P.2d 671, 680–81 (1980) (describing in dictum guidelines for consecutive sentencing). *Dinkel* was decided after *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the basis for Allbee's attack on consecutive sentencing.

4. Allbee argued in his habeas petition that multiple sentences were improper because the kidnappings were "merely incidental" to the hijacking. This merger claim is at least as removed from the new *Linthwaite* claim as his attack on consecutive sentencing. Thus, to the extent that Allbee used such an argument in the state courts, he still failed to present the current unexhausted claim.

*v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–513, 30 L.Ed.2d 438 (1971). The absence of any appeal to Oregon's highest court also deters us from hearing Allbee's case. It is clear that the courts of the State of Oregon have never had a full opportunity to resolve his case. This deficiency can be remedied by sending Allbee back to state court.[5]

This does not amount to requiring repetitious applications to the state courts. *Brown v. Allen,* 344 U.S. 443, 447–48 & n. 3, 73 S.Ct. 397, 402–403 & n. 3, 97 L.Ed. 469 (1953); *see Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir.1976). Nor does it constitute a serious waste of federal judicial resources. Even were we to grant Allbee's claim he would have to return to state court for resentencing. Our decision, whatever it might be, would not be the final decision in this case.

Of course, we must be reasonably certain that the state courts will hear Allbee's claims. That is, state remedies must be available. We are satisfied that they are. Oregon provides post-conviction relief for sentences "in excess of, or otherwise not in accordance with, the sentence authorized by law." ORS § 138.530(1)(c). This relief is limited by the requirement that after a direct appeal, "no ground for relief may be asserted ... unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding." ORS § 138.550(2); *see Lerch v. Cupp,* 9 Or.App. 508, 512–15, 497 P.2d 379, 381–82 (1972). Section 138.550(2) ought not deprive Allbee of post-conviction remedies. The ground made available by the Oregon Supreme Court's decision in *Linthwaite* was not asserted on direct appeal. *Compare Myers v. Cupp,* 49 Or.App. 691, 695–97, 621 P.2d 579, 581–82 (1980) (post-conviction challenge to legality of merger dismissed in spite of change in state court interpretation of merger law when issue was raised on direct appeal). Nor could it "reasonably" have been asserted. The requirement that all claims that can be asserted on direct review must be asserted does not apply to challenges to the duration of sentences, *see Debolt v. Cupp,* 19 Or.App. 545, 549–50, 528 P.2d 601, 603–04 (1974), *Sup.Ct. review denied* (1975), or to any other "purely legal issue" relating to sentencing, *State v. Olson,* 22 Or.App. 344, 346–47, 539 P.2d 166, 167 (1975). These issues can be raised on either direct appeal or collateral attack. *Id.* And, in any event, the posture of Oregon law during Allbee's direct appeal would make us reluctant to hold that the state courts could "reasonably" have expected Allbee to raise a multiple sentencing claim.[6] Section 138.550(2) is not an

---

**5.** When a petitioner does present his claim to the highest court in the state, he will not be forced to resubmit it merely because the state courts have subsequently changed their interpretation of the law, be it federal, *Francisco v. Gathright,* 419 U.S. 59, 62–63, 95 S.Ct. 257, 259–260, 42 L.Ed.2d 226 (1974); *Roberts v. LaVallee,* 389 U.S. 40, 42–43, 88 S.Ct. 194, 196–197 (1967), or state, *see Briggs v. Raines,* 652 F.2d 862, 864–65 (9th Cir.1981) (change in interpretation of state rule of criminal procedure). Because Allbee did not appeal to the Oregon Supreme Court, however, that court's subsequent opinion in *Linthwaite* means that the Oregon courts have never directly considered the propriety under its law of the sentences Allbee received. They should have that opportunity. *See Hudson v. Rushen,* 686 F.2d 826, 830 (9th Cir.1982) (state courts must have fair opportunity to apply new interpretation of federal law by Supreme Court), *cert. denied,* —— U.S. ——, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983); *Mabry v. Klimas,* 448 U.S. 444, 447, 100 S.Ct. 2755, 2757, 65 L.Ed.2d 897 (1980) (state

courts must receive opportunity to apply amended state statute).

**6.** Two cases cited by both sides as governing the legality of consecutive sentences, *State v. Garcia,* 288 Or. 413, 605 P.2d 671 (1980), and *State v. Cloutier,* 286 Or. 579, 596 P.2d 1278 (1979), involved multiple offenses arising from a single criminal episode. If *Cloutier* foreshadowed the Oregon Supreme Court's *Linthwaite* decision, it did so only to a limited degree. The court expressly reserved the multiple victim problem. 286 Or.App. at 598–99, 596 P.2d at 1288. In other cases, including the court of appeals' decision in *Linthwaite; State v. Dinkel,* 49 Or.App. 917, 621 P.2d 626 (1980); and *State v. Dillman,* 34 Or.App. 937, 580 P.2d 567 (1978), *review denied,* 285 Or. 195 (1979), multiple sentences were found proper when the same offense was committed against multiple victims. In *State v. Perkins,* 45 Or.App. 91, 607 P.2d 1202 (1980), the court of appeals did apply a robbery statute to hold that only one sentence could issue—even though there were two

"inflexible standard." *Lerch v. Cupp,* 9 Or. App. at 515, 497 P.2d at 382. We are certain that the Oregon courts will read that section sufficiently flexibly to accommodate Allbee's petition for post-conviction relief.

## II.

### ALLBEE'S OTHER CLAIMS

■ The dismissal of Allbee's sentencing claim compels dismissal of his other two claims. The Supreme Court in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), decided that a writ of habeas corpus will not be granted unless the petitioner has exhausted his state remedies on *all* claims. Therefore, we must dismiss all of Allbee's claims.

This case admittedly differs from *Rose v. Lundy* because less relief is available in state court. While all of Allbee's sentences may be open to reconsideration, resentencing is unlikely to lead to Allbee's immediate release. In contrast, either of the unexhausted claims in *Rose v. Lundy*—one of an improper closing argument by the prosecutor and the other of improper jury instructions—could, if accepted, have led to reversal and possibly release. Thus, were Allbee's prospects for immediate release the properly dominant consideration we might well decide his two exhausted claims.

*Rose v. Lundy,* however, indicates that consideration must be given to the interests of the state and federal judiciaries. The Supreme Court required exhaustion of all claims because the doctrine of comity entitles the states to "the first opportunity to review all claims of constitutional error," *id.* at 518–19, 102 S.Ct. at 1203, and because unified federal review of all claims is likely to be "more focused and thorough," *id.* at 520, 102 S.Ct. at 1204. These interests outweighed the need for immediate review.

We must follow in the footsteps of *Rose v. Lundy.* The Oregon courts have not

received a proper chance to review the sentencing claim. Submitting the sentencing claim to the state courts remains necessary if Allbee's federal claims are to be considered later in a single, efficient proceeding. The consolidation of claims will conserve our resources and, in so doing, help us to give each claim the attention it deserves. A dismissal is also consistent with *Ventura v. Cupp,* 690 F.2d 740, 742 (9th Cir.1983), in which we remanded a petitioner, with, *inter alia,* consecutive sentence claims, to the district court with instructions to dismiss the petition "[i]f state remedies with respect to any claim remain available."

For these reasons, the judgment of the district court is VACATED, and the case is REMANDED to the district court with instructions to dismiss the petition.

---

robbery victims—because there was only one criminal objective. The court did not, however, overrule *Dillman,* which also dealt with a robbery statute. *See Perkins* 45 Or.App. at 97, 607 P.2d at 1205 (Schwab, J., concurring). In

the face of such confusion, we would be hardpressed to say that Allbee "could have raised" the issues decided by the Oregon Supreme Court in *Linthwaite.*