Wayne Terrell LEE, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 84–1517.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1984.

Decided Feb. 8, 1985.

Henley, Senior Circuit Judge, concurred with opinion.

Phillip Malcom, Little Rock, Ark., for appellant.

Michael E. Wheeler, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Wayne Terrell Lee was convicted in 1979 in an Arkansas state court on three counts of second-degree forgery, one count of theft by receiving, and one count of criminal possession of a forgery device. Because Lee had been convicted of five previous felonies before the 1979 convictions, he was sentenced as a habitual offender. The jury gave him eighteen years on each of the five counts on which he had been convicted in the present trial, and the trial court ordered that these sentences run concurrently. On appeal, the Supreme Court

of Arkansas affirmed the convictions for forgery and possession of a forgery device, but reversed the conviction for theft by receiving on grounds of insufficient evidence. *Lee v. State,* 270 Ark. 892, 609 S.W.2d 3 (1980). Lee then filed a post-conviction petition in the state courts, which was denied. *Lee v. State,* No. CR 80–97 (Ark. Jan. 11, 1982) (per curiam). Having exhausted his state remedies, he then brought this petition for habeas corpus in the United States District Court for the Eastern District of Arkansas. The court[1] dismissed the petition, and Lee appeals.

Lee first argues that he is being deprived of his liberty without due process of law because the Supreme Court of Arkansas should have sent his case back for resentencing, once the conviction on the charge of theft by receiving had been reversed, and that charge had been dismissed for lack of evidence. The conviction for theft by receiving involved a check in the amount of $11,687.50. The check was found in Lee's apartment. It had not been negotiated. The checks forming the basis of the forgery counts were each for $158.66. Essentially, Lee's argument is that the theft-by-receiving charge, because it potentially involved a larger amount of money, must have been regarded by the jury as more serious than the other four counts on which they convicted Lee, and that therefore the decision to impose an eighteen-year sentence on all five counts must have been influenced by the evidence relating to the count later overturned on appeal. In effect, Lee takes the position that, at least in the circumstances in this case, the state courts may not use a concurrent-sentence rule, under which a sentence appropriately imposed on four valid counts remains intact after the reversal of a concurrent sentence on a fifth count.

The Supreme Court of Arkansas answered this contention as follows:

> The record indicates that petitioner was convicted of five separate charges as well as being found guilty of being an habitual offender with four or more prior felony convictions. He received five 18-year sentences on the five charges with the sentences to run concurrently. Since the sentences were to be served concurrently and are within the range provided by statute, his term of imprisonment was not lengthened by virtue of the conviction which this Court reversed and dismissed. Accordingly, he has not demonstrated prejudice which justifies postconviction relief.

*Lee v. State,* No. CR 80–97, slip op. at 2 (Ark. Jan. 11, 1982) (per curiam).

■ Certainly the state court might have chosen, as a matter of Arkansas law, to remand the case for resentencing. We decline to hold that the Due Process Clause of the Fourteenth Amendment requires that state courts employ such a procedure in every case. Here, the jury fixed eighteen years as the punishment on each of the five counts, and this sentence was within the limit fixed by statute for the crimes on which Lee's convictions were affirmed. The Arkansas Supreme Court, after reviewing the record, was of the opinion that the conviction on the later-invalidated count did not affect the jury's decision to fix Lee's sentence on the other four counts at eighteen years. We cannot say that this conclusion lacks fair support in the record. The present proceeding has resulted in four valid convictions against Lee, and he had already been convicted of five felonies when the present charges were brought. In these circumstances, we are not persuaded that the evidence heard by the jury with respect to the later-reversed theft-by-receiving charge played a crucial role.

■ Lee also argues that certain evidence was introduced against him after an unlawful search and seizure. As the District Court held, this claim is barred by *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). The

---

1. The Hon. Henry Woods.

state unquestionably provided an opportunity for full and fair litigation of his Fourth Amendment claim, and Lee does not contend otherwise. His only argument against the *Stone* bar is that his habeas petition in this case is not based solely on the Fourth Amendment, but also contains allegations of other constitutional violations. This argument is unavailing. Each claim of a constitutional deprivation asserted in a petition for federal habeas corpus must stand on its own, or, as here, fall on its own, and Lee's Fourth Amendment claim must fall under *Stone.*

■ Finally, Lee argues that he was denied a fair and impartial jury because one of the jurors, Levenia Missouri, was the sister of Ed Missouri, who had been in Lee's apartment, and whose name was mentioned at the trial. Ed Missouri had previously spent time in prison with Lee, and Lee now argues that the juror must have known this and must have considered the fact of Lee's previous incarceration in reaching the verdict of guilty on the present charges. There are many insuperable difficulties with this argument. For one thing, the juror's acquaintance with a former associate of Lee might well have inclined her in his favor. In fact, Lee's petition for federal habeas corpus, paragraph 12(d), actually alleges that the juror and defendant "were lovers." Whatever their relationship may have been, obviously Lee must have been well aware of it, and yet, at the conclusion of *voir dire,* Lee's lawyer announced that the jury was satisfactory. No claim of ineffective assistance of counsel is made. In short, there is no reason to suppose that the presence of Levenia Missouri on the jury prejudiced Lee in any way.

The judgment of the District Court, dismissing the petition for habeas corpus, is

Affirmed.[2]

HENLEY, Senior Circuit Judge, concurring.

In main I concur in the opinion of the court but write separately because of some misgiving about the breadth that may be read into today's holding as one relying unduly on the concurrent sentence doctrine.

Because of more recent awareness of possible adverse effects of multiple convictions upon the lengths of time prisoners may serve and other factors as well, this circuit has reduced its reliance upon the concurrent sentence doctrine, *Sanders v. United States,* 541 F.2d 190 (8th Cir.1976), *cert. denied,* 429 U.S. 1066, 97 S.Ct. 796, 50 L.Ed.2d 784 (1977); *United States v. Boyd,* 606 F.2d 792 (8th Cir.1979); *United States v. Martinez,* 573 F.2d 529, 534 (8th Cir. 1978) (Henley, J., concurring), although, of course, it has not completely abandoned it.

In *United States v. Neff,* 525 F.2d 361, 365 (8th Cir.1975), Judge Lay (now Chief Judge), *quoting Benton v. Maryland,* 395 U.S. 784, 793 n. 11, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), observed that " 'a stronger case for total abolition of the concurrent sentence doctrine may well be made in cases on direct appeal as compared to convictions attacked collaterally by suits for post-conviction relief.' "

More recently in a state habeas case, *Goodloe v. Parratt,* 605 F.2d 1041 (8th Cir.1979), Chief Judge Lay referred to application of the doctrine as "discretionary" and noted that as a discretionary tool it may be used only when it is clear that no adverse consequences may have resulted from jury consideration of an invalid conviction. *Id.* at 1044 n. 7.

Thus it is clear that while due process may not require total rejection of the concurrent sentence rule or automatic remand for resentencing, here due process considerations do require this court to examine the record behind the Arkansas court's application of the rule.[1] And if by any fair measure it is made to appear that appellant

---

2. Lee has been represented in this Court by appointed counsel, and we express our gratitude to him for his service to Lee and to the Court.

1. I do not read our court's opinion as holding to the contrary.

may have suffered significantly from jury consideration of an invalid conviction, this court should not be reluctant to reverse on constitutional grounds and to require reduction of sentence or new trial.[2]

In present circumstances I agree that Lee suffered no adverse consequences. The evidence on the theft by receiving count was simply that Lee had in an apartment he shared with another possession of a check that had been delivered by mistake to his address. There was no evidence that the check was stolen, much less that Lee knew it was stolen. Evidence of the presence of the check undoubtedly would have been admissible even if the check had not been the subject of a separate count.

Lee stood before the jury validly convicted on four counts and as a recidivist convicted of five prior felonies which included three robberies. On this record I can accept the conclusion that evidence of possession of the $11,687.50 check, regardless of conviction, did not affect in any material respect the jury's conclusion to fix punishment on each of the other counts at eighteen years.

Accordingly, I join in affirming the judgment of the district court.

2. In somewhat comparable situations in which on review in the Arkansas Supreme Court or on attack in this court it was found that an Arkansas sentence was enhanced in part because of an invalid prior felony conviction, both the state court and this court at least for a time followed the practice of requiring the state either to reduce the sentence to the minimum provided by the applicable habitual criminal statute for the

validly established convictions or give the defendant a new trial on all issues. *See Klimas v. Mabry,* 603 F.2d 158 (8th Cir.1979), (Henley, J., dissenting), *rev'd,* 448 U.S. 444, 100 S.Ct. 2755, 65 L.Ed.2d 897 (1980). And indeed in many cases involving recidivists the courts may wish to follow such a course when one or more of substantive convictions for which concurrent sentences were imposed are vacated.