LOTTINGER, Judge.
This is an expropriation suit filed by petitioner seeking to acquire a total of six acres of land to be used as a neighborhood park. 3.82 acres of the expropriated tract belong to Mrs. Pearl Strain Brous-sard. A 2.18 acre tract belongs to Clifford Cobb. The two suits were consolidated for trial, however, Broussard has not filed an appeal, and we are now concerned only with the expropriation of the tract belonging to Mr. Cobb.
The record discloses that prior to the filing of the two lawsuits, the petitioner’s appraisers appraised the six acres as one tract and valued it at $8,250.00 per acre. A letter was written to each defendant offering that amount per acre for their respective tracts. The two tracts were later separately appraised on the day before the trial. The testimony establishes that the petitioner’s appraisers considered the Broussard tract to have a higher per acre value than the Cobb tract, and both tracts were slightly more valuable than the original offer of $8,250.00 per acre made prior to this suit.
The Trial Court rendered judgment granting Cobb the sum of $18,530.00, with interest at the rate of 7% from January 20, 1975, until paid for his 2.18 acre tract. This amounts to the sum of $8,500.-00 per acre. No severance damages were allowed. The defendant has taken an appeal contending that the Trial Judge erred (1) in failing to base its award of just compensation on the subdivision residual method and (2) in failing to include in its award damage to the remaining portion of the defendant, Cobb’s, land.
The properties sought to be acquired are adjacent and both front on the east side of North Sherwood Forest Drive, between Florida Boulevard and South Choctaw Drive, Baton Rouge, Louisiana. Only the rear or easternmost six acres of the properties are being expropriated. There are no improvements on the expropriated portions of either property. There is a brick veneer residence on the remainder of the Cobb property used as a residence by Mr. Cobb and his family. Mr. Cobb’s house faces north or away from Sherwood Forest Drive because at the time of its construction, he was under the erroneous impression that Tams Drive was a part of a major street plan of Baton Rouge and would be extended through the Broussard-Cobb properties in front of his house. The extention of Tams Drive was a part of the plan prior to 1969 but it was eliminated in 1969, prior to the time that Mr. Cobb purchased the subject property. Mr. Cobb testified that his ultimate intention was to develop and sell lots when his daughter reached the age that she would no longer be interested in horseback riding, which is the use he is presently making of the rear of his property. Mr. Cobb had a subdivision plat prepared by an engineer under date of June, 1973, showing eight lots.
Both parties seem to have contemplated the sale of lots if and when Tams Drive was extended by the City-Parish. However, after 1969, there was never any plan to extend Tams Drive, but apparently neither of the defendants knew this. The defendant relies heavily on the decision of State of Louisiana, Through the Department of Highways v. Terrace Land Company, Inc., 298 So.2d 859 (La.Sup.Ct.1974), rehearing den. (1974), where the Supreme Court set the procedure for fixing the price of property where the owner-developer was actually in the process of developing and selling land as subdivision lots. In that case, the Court said:
“In our opinion, * * * an owner-developer is entitled to recover on the basis of the individual retail value of each lot (less development costs, but not less the developer’s profit) if sold in the ordinary and usual course of business. Of course, as to be noted more fully, this rule applies only where the sale of lots for subdivision purposes is *292 reasonably prospective, and only where the evidence shows that the owner-developer is actually in the process of developing- and selling the land as subdivision lots, as compared with merely holding an undeveloped tract for its potential subdivision development.” (Emphasis by Sup.Ct.) 298 So.2d 862.
The present case is easily distinguishable from the Terrace case. In that case, the developers had laid utility lines of such size as to develop the whole property, they had subdivided a ninety acre tract into 182 lots and had sold seventy of these prior to the expropriation proceeding. True, there were certain areas where they were not then selling, however, they were selling the property in portions as they went along.
In the instant case we have no similar factual situation whatsoever. Here the plat was prepared subsequent to the knowledge by defendant that the subject tract would be expropriated. The existing Tams Drive deadends on the western-most line of the two tracts of land, about half the width of the street resting against the Cobb property and the other half of the street resting against the Broussard property. There is no way that the defendant could extend Tams Drive across his property without his neighbor contributing surface area for the street.
Although the defendant has shown that this raw land is highly desirable for development into a subdivision with the cooperation of his neighbor, what he has not shown as required by the holding of Terrace is that the owner-developer is actually in the process of developing and selling the land as subdivision lots or that the tract forms a part of a subdivision actually developed and in the process of being sold as individual lots, and the part sought to be expropriated is a portion of a tract actually being developed.
Neither of the defendant’s appraisers, Messrs. Lejeune or Williams, testified as to the value of the land as raw acreage. Mr. George Platt, called by defendant, though never qualified as an expert, testified that the property had a value of $11,-000.00 per acre, based on an “investment” potential of the property at some future time and that for some interim period, probably two years, the highest and best use was single family residential. The record contains no evidence to support a value higher than that given by Mr. William F. Cobb, one of plaintiff’s appraisers, and tendered during the trial by plaintiff’s counsel which showed that the value per acre of the Broussard tract was $8,-500.00.
In its written reasons for judgment, the Trial Court made no mention of severance damages. We do not feel, however, that the defendant has proven severance damages. Though it is true that the experts who testified upon trial all stated that the highest and best use of the property was for subdivision purposes, the portion remaining can only be used for subdivision purposes in conjunction with neighboring property. We feel that it is too speculative that the remaining portion can be used for such and that it has been damaged by the taking of the easternmost approximate one-half of the defendant’s property for the award of severance damages. We reason that the Trial Judge failed to mention severance damages because he was not convinced that same were justified. We can find no error in his reasoning.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
AFFIRMED.