361 So.2d 309 (1978)
In the Matter of the Succession of James Nettles KENDRICK.
No. 12064.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*310 Michael H. Rubin and John Dale Powers, Baton Rouge, of counsel, for plaintiff-appellant, James Alfred Kendrick.
Davis A. Gueymard, Baton Rouge, of counsel, for defendant-appellee, Harold Dalton Kendrick.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
One of the two forced heirs sought collation and reduction of a testamentary bequest made by his father. Plaintiff has appealed the judgment denying his claim.
The issues are: (1) the proper valuation of the two tracts of land involved, (2) the necessity of applying collation to the mortis causa donation, (3) the need to reduce the donation and (4) the proper assessment of court costs.
We amend and affirm.
James Nettles Kendrick, testator, died possessed of separate and community property including two tracts of land. Tract 1 contains 156 acres northwest of Greenwell Springs Road; Tract 2, 146 acres southeast of Greenwell Springs Road. The testator confirmed the legal usufruct over his community estate in favor of his wife, Mrs. Ella F. Kendrick, and left Tract 1 to Harold Dalton Kendrick and Tract 2 to James Alfred Kendrick, both subject to the above usufruct. Both the named legatees of the property were also named as the residuary legatees of the remainder.
It has been stipulated that $5,600.00 of community property was originally omitted from the succession. The court raised substantially the values assigned to the succession property.
The court reached values of $1,400.00 per acre for Tract 1 and $1,000.00 per acre for Tract 2. Appellant complains that the valuation of both is in error. He argues that although the trial court found the highest and best use of Tract 1 to be for residential purposes, he erred in valuing the land as "raw acreage". Appellant only made a showing that the highest and best use of the property was for residential purposes. He produced no evidence of acts or immediate intentions of any of the owners to develop the property. Thus, valuing the land according to what a developer would pay in order to develop this land is correct. Recreation and Park Commission for Parish of East Baton Rouge v. Cobb, La.App., 333 So.2d 290 (1st Cir. 1976).
Appellant argues that the trial court erred in placing a $1,000.00 per acre value on the second tract since it is subject to inundation. There is evidence in the record to support the conclusion of the trial judge. Thus, we are constrained not to substitute our own. Pierre v. Landry, La., 341 So.2d 891 (1977).
*311 Appellant next asserts that the bequest to his brother is subject to reduction since the value of his half of the residual estate and of the tract bequeathed to him does not satisfy his legitime. Appellant would be correct were he correct in his assertion that the trial court erred by over valuing the tract bequeathed to him. However, since we have upheld the lower court's findings on the value, we find no error in denying the reduction sought.
Appellant contends that the bequest of Tract 1 in favor of Harold Dalton Kendrick is subject to collation even though it was a mortis causa donation. Appellant's argument is first, that the trial judge erred in finding that this was a partition by an ascendant among his descendants and not subject to collation; second, the will exhibits the testator's intent to treat his sons equally; third, that the statement in Jordan v. Filmore, 167 La. 725, 120 So. 275 (1929) that collation does not apply to donations mortis causa is dictum and incorrect.
LSA-C.C. Art. 1724 provides as follows:
"Fathers and mothers and other ascendants may make a distribution and partition of their property among their children and legitimate descendants, either by designating the quantum of the parts and partitions [portions] which they assign to each of them, or in designating the property that shall compose their respective lots."
LSA-C.C. Art. 1411 provides that:
"If the partition has been regulated by the father among his children, no restitution can take place, even in favor of minors, when, by such partition, one or more of the heirs have received more than the others, unless that overplus should exceed the portion which the father had a right to dispose of."
Appellant argues that the disposition by testator cannot be a partition since LSA-C.C. Art. 1289[1] requires ownership in common before an action of partition can be had. The direct answer is that the code in Arts. 1724-1733 has provided a special kind of partition, that is, by ascendants to descendants, and the definition need not exactly apply. The provision in Art. 1725 that the partition can be made by testament especially negates the requirement of common ownership for this kind of partition.
The argument that Art. 1727[2] requires the application of collation to these partitions does not persuade us. The phrase "are subject to the same rules", we believe, refers to testaments. Furthermore, Arts. 1411 and 1730[3] limit the application of any attack on any excess to that of invasion of the forced portion. If Art. 976[4] be applicable to these partitions at all,[5] the special Arts. 1724 and 1411 would be applicable rather than the general articles on collation.
LSA-C.C. Article 1230 and 1233 state:
"Art. 1230. Collation must take place, whether the donor has formerly [formally] ordered it, or has remained silent on the subject; for collation is always presumed, where it has not been expressly forbidden." *312 "Art. 1233. The declaration that the gift or legacy is intended as an advantage or extra portion, may be made in other equivalent terms, provided they indicate, in an unequivocal manner, that such was the will of the donor."
Thus, if the testator clearly evidenced his will that the bequest be an extra portion, the judgment denying collation must be affirmed.
Mr. Kendrick stated in his will at paragraphs 3, 4, and 6:
"III.
I leave and bequeath to my son, Harold Dalton Kendrick, all of the real property I die possessed of located north and west of Greenwell Springs Road, Parish of East Baton Rouge, Louisiana, subject to the usufruct of my wife, Ella F. Kendrick."
"IV.
I leave and bequeath to my son, James Alfred Kendrick, all of the real property I die possessed of located south and east of Greenwell Springs Road, Parish of East Baton Rouge, Louisiana, subject to the usufruct of my wife, Ella F. Kendrick."
"VI.
Subject to the foregoing, I bequeath all the rest and remainder of property that I may own at my death to my children, Harold Dalton Kendrick and James Alfred Kendrick, share and share alike, reserving to my wife, Ella F. Kendrick, the usufruct thereof."
The testator, in unequivocal terms, has declared his intention to treat his sons separate and unequal as regards the two tracts of land and equal only as to the remainder. Collation is not required.
The attack upon the conclusion in Jordan v. Filmore that collation does not apply to donations mortis causa joins that of others.[6] However, the fact remains that the case has been followed and has not been overruled.
The trial court also imposed court costs upon appellant feeling that LSA-C.C. Art. 1731 so mandated.
The executors of the estate are at least partially responsible for the filing of this action since they undervalued the property in the original descriptive list and they omitted some $5,600.00 of other assets. Because of this we amend the judgment of the trial court and hold both parties to share equally the costs in the lower court.
The judgment appealed from is so amended and as amended is affirmed. The costs of this appeal is to be borne equally.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C. Art. 1289

"No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition."
See also Arts. 1291-1293.
[2] LSA-C.C. Art. 1727:

"Those made by testament must be made in the forms prescribed for acts of that kind, and are subject to the same rules."
[3] LSA-C.C. Art. 1730:

"Partitions, made by ascendants, may be avoided, when the advantage secured to one of the coheirs exceeds the disposable portion."
[4] LSA-C.C. Art. 976:

"All the rules relating to the acceptance, renunciation or partition of successions, the collation of goods and payment of debts, contained in this title, are applicable to testamentary as well as to intestate successions."
[5] Art. 976 is in Title I, of Successions Chapter 6, In What Manner Successions Are Accepted and How They are Renounced. Arts. 1724-1733 comprise Chapter 7, Of Partitions Made by Parents and Other Ascendants Among Their Descendants, of Title II, Of Donations Inter Vivos (Between Living Persons) and Mortis Causa (In Prospect of Death)
[6] See 34 La.L.R. 219, Succession of Higgins, La.App., 275 So.2d 447 (4th Cir. 1973).