410 So.2d 322 (1982)
Steve HANDY and L. C. Lee
v.
Manzy CHEATUM, State Farm Mutual Automobile Insurance Company and the City of New Orleans.
No. 12179.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
Darleen M. Jacobs, New Orleans, for plaintiff-appellant.
Salvador Anzelmo, City Atty., Suzanne M. Jones, Asst. City Atty., George R. Simno, III, Deputy City Atty., New Orleans, for defendants-appellants.
D. Douglas Howard, Jr., New Orleans, for plaintiffs-appellees.
Lobman & Carnahan, Edward P. Lobman and David V. Batt, Metairie, for defendants-appellees.
Before SCHOTT, GARRISON and KLEES, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing the action of Leonard Carr, a New Orleans Police Department officer, against various parties and granting damages to Steve Handy in the amount of $9,573.40 against State Farm, Manzy Cheatum and the City of New Orleans, as well as granting damages to L. C. Lee in the amount of $9,674.83 against State Farm, Manzy Cheatum and the City. From that judgment, Leonard Carr appeals.
On appeal Carr argues (1) that the trial judge was manifestly erroneous in his factual determination, and (2) that he was not concurrently negligent in causing the accident. The court below provided the following written reasons for judgment:
"This Court does not believe the testimony of the Police Officers that they were traveling 20 m. p. h., therefore, the Court finds that Officer Carr and the City of New Orleans are concurrently negligent *323 with Mr. Cheatum in causing the accident.
"The Court finds that Mr. Lee and Mr. Handy were both in their parked car at the time of the accident and no negligence has been shown on their part.
"The Court has pro-rated the $10,000.00 deposited by State Farm Mutual Automobile Insurance Company among the three claimants entitled to recover.
"There has been no plea of contributory negligence as to Officer Stukes."
The record reflects that on August 30, 1977, N.O.P.D. Officers Leonard Carr and Romallis Stukes were on duty in a marked car when they received a call to proceed to the St. Bernard Project. A 1971 Pontiac, owned and driven by L. C. Lee, was parked in front of a seafood market. Steve Handy was a passenger in the parked car. Manzy Cheatum was driving a black Buick and was proceeding in an easterly direction on Broad Street, the same direction as the police car.
The police testified that Cheatum's vehicle pulled directly into the path of the "lights flashing, siren sounding" police car and that Leonard Carr slammed on the brakes in order to avoid hitting the Cheatum vehicle. The police car then skidded into the parked Lee vehicle.
The parties in the Lee vehicle testified that the Cheatum car had already been in the flow of traffic and had passed their car somewhat before the approach of the police vehicle; the police car then skidded into their vehicle. It was drizzling rain at the time of the accident.
At this point the testimony becomes widely divergent. The police testified that they were traveling at 20 to 35 miles per hour with lights and siren to answer a "shootout" call. L. C. Lee testified that the police car was traveling at an excessive rate of speed, 60 to 65 miles per hour. David Belfield, the only witness not a party, testified that he could not estimate the speed of the police vehicle, but he did not think it was over the speed limit. Some witnesses testified that L. C. Lee was not in his vehicle at the time of the accident, but rather was in the seafood market. Lee and Handy testified that they were both in the parked vehicle. The trial judge specifically stated in his reasons for judgment that he did not believe the testimony of the police and that he found that both Lee and Handy were in the parked car at the time of the accident.
Great weight is to be given to the credibility determinations of the trier of fact who has the opportunity to observe the demeanor of the witnesses. Accordingly, the standard of review to be applied by this court is whether the trier of fact was manifestly erroneous in his factual determinations. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). We cannot conclude that the trial judge is manifestly erroneous in his factual determinations.
The last argument presented by the City refers to the Municipal Code of the City of New Orleans, § 38-240, relative to parking. The City argues, for the first time on appeal, that the Lee vehicle was illegally parked under the statute. There is no evidence that Lee was cited for such a violation and this argument was not made below. Accordingly, this argument is improperly before the court and will not be addressed.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.