LOBRANO, Judge.
On March 21, 1984, appellees, Barbara Bragg, wife of/and Jackson A. Smith (Bragg and Smith) entered into a written lease with appellants, Richard L. Strahan and William J. Lowney (Strahan and Low-ney). The lease provided for a term of occupancy of the premises located at 815 Dauphine St., New Orleans, La. for a ten (10) month period commencing April 1, 1984 and ending January 31, 1985.
On that same date, March 21, 1984, Strahn and Lowney executed an Agreement to Purchase (the Agreement) offering to purchase the leased property for the sum of three hundred and ten thousand ($310,000.00) dollars. The agreement reads in pertinent part:
“We (Strahan and Lowney) offer and agree to purchase 815 Dauphine Street, N.O., La. buildings, lot and all improvements thereon including the furniture and appliances (stoves, refrigerators, and air conditioner) that are in the buildings and belong to the present owner. This offer is subject to the attached lease (addendum).” (emphasis added)
The occupancy date under the lease and under the agreement was the same, April 1, 1984.
The agreement also provided that the act of sale would take place on or before February 1, 1985. If curative work in connection with the title is necessary and/or if repairs are required as a condition of obtaining financing then:
“... the parties hereto agree to and do extend time for passing act of sale to a date not more than fifteen (15) days following completion of repairs and/or curative work but in no event shall such extension exceed sixty (60) days without written consent of all parties.” (emphasis added)
For reasons not before this Court, the act of sale did not take place on or before February 1, 1985. Strahan and Lowney, upon expiration of the lease, refused to vacate and return possession of the leased premises to Bragg and Smith despite written notice to vacate. Bragg and Smith filed a Petition for Eviction. Strahan and Lowney answered the petition asserting that the terms of the agreement modified the terms of the lease by granting an additional sixty (60) days of occupancy to April 1, 1985 in order to cure title defects. No reconventional demand was filed by Stra-han and Lowney and at the eviction hear *611 ing Lowney testified that there were no extensions of time granted on the lease nor were there any modifications of the terms of the lease.
On February 27, 1985 the trial court rendered judgment in favor of Bragg and Smith and against Strahan and Lowney, ordering them to vacate 815 Dauphine Street, New Orleans, Louisiana, and to deliver possession of the premises to the Smiths within forty-eight hours of rendition of the judgment.
The civil sheriff executed the trial court’s order and evicted Strahan and Lowney.
Strahan and Lowney appealed devolu-tively from the judgment of the trial court. Bragg and Smith filed a Motion to Dismiss the appeal on June 28, 1985 based on the mootness of Strahan and Lowney’s claim. That motion was initially granted by this Court on August 6, 1985. However, on August 21, 1985, in a per curiam opinion, we vacated our earlier order of dismissal and reinstated the appeal.[1]
Bragg and Smith argue that Strahan and Lowney’s numerous factual allegations and issues raised on this appeal are the subject of a separate lawsuit;[2] that the issues in that lawsuit are not part of the litigation before this Court on appeal; that the only issue now before this Court is whether Strahan and Lowney have a right of occupancy under the lease which expired January 31, 1985 or whether there was a sixty (60) day extension of that lease to April 1, 1985.
We agree that the only issue now before this Court is the term of occupancy under the lease. Strahan and Lowney in their Application for Rehearing, claimed for the first time that there was an intent in the agreement and lease for them to occupy the premises until they received title and that because Bragg and Smith breached that agreement, they are entitled to deposits, down payments or specific performance and damages. Those issues are not part of the litigation now before this Court. When an argument is raised for the first time on appeal, the Court will not consider it. Handy v. Cheatum, 410 So.2d 322, 323 (La.App. 4th Cir.1982).
The sixty (60) day extension in the purchase agreement is the only basis upon which Strahan and Lowney can base their claim to occupancy. There is nothing in the record which indicates that any claim was ever made to an unlimited term of occupancy until title passed. Any other factual allegations are not relevant to the issues on appeal and are not addressable by the Court.
Even assuming, arguendo, that this Court could reverse the eviction proceeding based on a reinterpretation of the lease, and would hold that the agreement, when read together with the lease, grants a right to an additional sixty (60) days of occupancy to April 1, 1985, that term has now expired. Defendants cannot claim any right or obligation under an expired contract. The issue of the right to possession is unalterably, irrevocably, and indisputably moot No practical results and no enforceable judgment can flow from a decision in this case. United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899 (La.1978); Upper Audubon Association v. Audubon Park Commission, 329 So.2d 209 (La.App. 4th Cir.1976), writ refused, 333 So.2d 240 (La.1976).
For the foregoing reasons, appellants’ appeal is dismissed as moot. All costs to be paid by appellants.
DISMISSED.

. On Strahan and Lowney’s application for rehearing, this Court found that "if their contentions and assertions on the merits of this case have merit, then certain practical results will follow from a Judgment of this Court on the appeal. In other words, the issues raised in their appeal are not moot_ Appeals are favored in the law, however, and any doubts should be resolved in favor of maintaining the appeal.” Barbara Bragg, wife of/and Jackson A. Smith, M.D. v. Richard L. Strahan and William J. Lowney, C-4007, Fourth Circuit Court of Appeal, August 21, 1985.

. Richard L. Strahan and William J. Lowney v. Barbara Bragg, wife of/and Jackson A. Smith, M.D., No. 85-5670 currently pending in the Civil District Court for the Parish of Orleans.