MARVIN, Chief Judge.
In this declaratory judgment action to interpret a mother’s will to her children, the trial court ruled the testatrix intended the bequest of her home to one of her four children as an extra portion. The other three children appeal, contending that the intent to bequeath as an extra portion was not expressed unequivocally so as to overcome the Civil Code principle that a testatrix is presumed to intend to treat her children equally. CC Arts. 1227-1233, 1501.
We affirm.
FACTS
Bessie Boyd Lowderback died on March 10, 1988, survived by four children, Cecile King, Charlsie DePingre, Charles Ford and Evelyn Smith. Two olographic wills were found. One was written in 1985 and the other in 1988. The later will did not expressly revoke the earlier. Both wills were probated.
Mrs. Lowderback owned her home and an adjoining vacant lot in Shreveport. In her wills, she referred to her home as Lot A and to the vacant lot as Lot B. She also owned rental property on Randolph Street.
The wills provide in part:

1985 will:

I leave my home to Cecile Ford King which is on Lot A. Lot B to Charlsie Ann Ford DePingre so she can build her a home in town for her older years to be near everything. Charles Clifton Ford is to get half of the sales of the Randolph Street place. This should give him enough to finish his house and buy him a tractor. Evelyn Ford Smith is to get half of the other half. My credit union monies, certificate at L.B.T. and Pioneer to be divided equally.

1988 will:

I leave my home to Cecile Ford King, which is on Lot A. Lot B to Charlsie Ford DePingre so she can build her a home in town for her older years to be near everything. Charles Clifton Ford is to get half the sale of Randolph only if he uses it to finish his house and purchase a small tractor. All of anything else I may leave is to be divided equally. Cecile & Charlsie gets $1,000.00 extra dollars for working so hard repairing Randolph.
Cecile King, as testamentary executrix, sought declaratory judgment in the succession proceeding to determine whether the special bequests were intended as an advantage or extra portion, over and above each child’s forced portion of the estate. Mrs. King retained separate counsel in her individual capacity because she is one of the legatees of a special bequest.
TRIAL COURT FINDINGS
With minor editing, we adopt the trial court’s detailed findings:
There is no difficulty in correlating the provisions in the 1985 and 1988 wills. Absent a clear intent to revoke provisions of the earlier will by the later will, all provisions must be given effect.... Louisiana Civil Code Article 1501 provides that the disposable portion of an estate may be given in whole or in part to one or more of the disposer’s children to the prejudice of the other children without its being liable to be brought into the succession provided it be expressly declared by the donor that this disposition is to be over and above the *718 legitímate portion. This declaration of an advantage or extra portion may be made in other equivalent terms, provided they indicate, in an unequivocal manner, that such is the will of the testator. La. Civil Code Art. 1233_
The evidence and testimony [of the three daughters] show a close and stable family. The testatrix had continuous and active relationships with her children for most or all of their lives. She was aware and concerned about the welfare of each of her children and she tried to provide for and make a difference in the lives of each of her children.
Both of the wills admitted in evidence reflect this individual concern and awareness. In each, Cecile is to get the home or Lot A; Charlsie is-to get Lot B so she can build her a home in town for her older years to be near everything; and Charles Clifton Ford is to get half the proceeds of the sale of the Randolph Street property....
Each bequest reflects the specialized knowledge and concern for the well-being of each child as well as the testatrix’s awareness of the effect of the bequest, but any intent to treat each child equally is not shown. On the contrary, the reasonable conclusion that the testatrix intended to treat each child differently is inescapable. It is confirmed in the residuary clause: “All of anything else I may leave is to be divided equally.” ...
[The] special bequests [of] $1,000 each to Cecile and Charlsie [are] to be honored. All of the rest of her estate is to be divided equally among the four children.
ARGUMENTS ON APPEAL
Charlsie DePingre, Charles Ford and Evelyn Smith contend, as they did below, that the only bequest their mother intended as an extra portion is the cash bequest to Cecile and Charlsie for repairing the Randolph Street property.[1]
Appellants object to Cecile receiving the home as an extra portion, in addition to her forced portion of the estate. Describing as “totally unfounded,” the trial court’s conclusion that their mother intended the bequest of her home to Cecile as an extra portion, they claim this intent is not expressed unequivocally. They argue it is “of no legal consequence” that this bequest precedes the residuary clause in the 1988 will, “All of anything else I may leave is to be divided equally.”
Similar bequests in a will were contested in In the Matter of Kendrick, 361 So.2d 309 (La.App. 1st Cir.1978), writ denied. There, the testator left a tract of land to one of his two sons, another less valuable tract to the other son, and the remainder of his property to both sons, share and share alike. Emphasizing that the special bequests preceded the declaration that the sons were to equally share the remainder of the estate, the court found that the testator had declared, in unequivocal terms, his intent to treat his sons unequally as to the two tracts of land and equally only as to the remainder of his estate, notwithstanding that he did not use the term “advantage” or “extra portion” in his will. See also Lazarus, The Work of the Louisiana Appellate Courts for the 1972-1973 Term — Successions and Donations, 34 La.L.Rev. 219, 221 (1974):
Although the dispensation from collation that the disposer may make must be express, no sacramental words are required, and therefore, any declaration from which the disposer’s intention to make the dispensation is clearly manifested should suffice.
In the accompanying footnotes, the author cites CC Arts. 1228, 1231, 1233 and 1501, and states in fn. 11:
Thus, where a testator first makes a particular legacy to one of his children, and then disposes of the remainder of his *719 property to be divided equally between all his children, it should be evident that he intends to prefer the particular legatee over the other heirs.
See and compare Jordan v. Filmore, 167 La. 725, 120 So. 275 (1929). There the testatrix left her entire estate to one forced heir and did not mention the other forced heir in her will. The court found that the omitted heir was entitled only to her forced portion of the estate, and denied her claim that she should share equally with the other heir in the disposable portion. The court stated at p. 278:
There is no indication in article 1501 — for there would be no sense in the requirement — that a testator who bequeaths more of the disposable portion of his estate to one of his descendant heirs than to another must express, any more plainly than his favoritism itself expresses, his intention that the legacy bequeathed to the favored heir is intended as an advantage over the other heir, or as an extra portion — in order to avoid the obligation of collation, strictly so called. All that the testator has to do in the distribution of his estate among his heirs as he sees fit, to be sure that his will shall be carried out, is to avoid impinging on the legitime which the law reserves to each of his forced heirs.
CONCLUSION
At this juncture, appellants have not asserted that the bequest of the home to Cecile King impinges on their legitime. They assert only that this bequest was not intended as an extra portion. .
The record fully supports the judgment that Mrs. Lowderback’s wills unequivocally expressed her intent to treat her children unequally as to the special bequests and equally only as to the remainder of her estate.
DECREE
At the cost of appellants, the judgment is AFFIRMED.

. At oral argument, appellants raised for the first time their contention that their mother intended to leave Cecile and Charlsie $500 each, and not $1,000 each as the trial court found. This argument was apparently not made in the trial court and was not briefed in this court. Under these circumstances, we do not address this issue. Rules 1-3 and 2-12.4, URCA; Handy v. Cheatum, 410 So.2d 322 (La.App. 4th Cir.1982); Police Jury of Ascension Parish v. Shaffett, 461 So.2d 1072 (La.App. 1st Cir.1984).