WILLIAMS, Judge.
The defendant was charged in a bill of information filed on May 24, 1984, with the burglary of Club Bali, in violation of LSA-R.S. 14:62. Following a jury trial, he was found guilty as charged on June 26, 1984.
At the multiple bill hearing, the defendant was adjudicated an habitual offender under the provisions of LSA-R.S. 15:529.1, based on a prior guilty plea for possession of pentazocine. The trial court sentenced the defendant to serve ten years at hard labor and to pay the victim one thousand six hundred ($1,600.00) dollars in restitution, or in default of payment to serve an additional year on his sentence.
The defendant alleges that the trial court erred by imposing an illegal and excessive sentence in ordering him to make restitution to the victim in lieu of payment of a fine.
There are two instances when the defendant can be required to make restitution to the victim. The trial court in its discretion may require that the defendant make restitution as a condition for a probated sentence. La.C.Cr.Pro. 895.1. Alternatively, the parole board is authorized to order restitution as a condition for parole when the defendant is imprisoned for a felony. LSA-R.S. 15:574.4 J. The Louisiana Code of Criminal Procedure does not authorize a court to sentence an offender to both a term of imprisonment and the payment of restitution. State v. Patterson, 442 So.2d 442 (La.1983); State v. Hernandez, 432 So.2d 350 (La.App. 1st Cir.1983).
Accordingly, the defendant’s sentence is set aside and the case is remanded for re-sentencing.
REMANDED.