**Jenna Pauline KELSIE,**
**Petitioner-Appellee,**

v.

**Clarence E. TRIGG, Superintendent,**
**Indiana Women's Prison,**
**Respondent-Appellant.**

**No. 81–1297.**

United States Court of Appeals,
Seventh Circuit.

Argued June 5, 1981.
Decided Aug. 20, 1981.

Bruce L. Kamplain, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellant.

James D. Lopp, Sr., Lopp, Lopp & Grampp, Evansville, Ind., for petitioner-appellee.

Before FAIRCHILD and CUDAHY, Circuit Judges, and GRANT,* Senior District Judge.

FAIRCHILD, Circuit Judge.

This is an appeal by the state custodian from a judgment granting *habeas* relief to a prisoner.

An Indiana jury found Kelsie guilty of second degree murder. The statutory penalty was either life imprisonment or imprisonment for not less than fifteen nor more than twenty-five years. Ind.Code § 35–1–54–1 (1976). Another Indiana statute provided that, with certain exceptions, when a defendant is found guilty, the jury must state in the verdict the punishment to be inflicted. Ind.Code § 35–8–2–1 (1976). In Kelsie's case, however, the judge submitted forms of verdict for conviction of second degree murder, conviction of manslaughter, and acquittal. Erroneously, he did not submit the question of the appropriate punishment if found guilty of either offense.

After return of the verdict, the judge imposed sentence of not less than fifteen nor more than twenty-five years imprisonment, the minimum for the offense.

On appeal, the Supreme Court of Indiana, with one Justice dissenting, found the error harmless because the sentence imposed by the court was the minimum for the offense found by the jury. *Kelsie v. State,* 265 Ind. 363, 372–73, 354 N.E.2d 219, 225 (1976). The majority thus rejected the view of dissenting Justice DeBruler that Indiana law required the judge to have the jury retire again to complete its verdict and that if that had been done, the jury could have returned "an entirely different verdict,"

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

presumably guilty of manslaughter, with a lesser sentence, or not guilty. 354 N.E.2d at 232.

The federal district court, in granting petitioner's application for a writ of *habeas corpus*, held:

> [W]hen the trial court accepted the jury's incomplete verdict and then imposed the "minimum" sentence upon the petitioner it did indeed usurp the power that the jury could have exercised had the court properly performed its function. For the judge to levy sentence on the petitioner in such a fashion deprived the petitioner of her liberty without due process of law in violation of her rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

The district court relied on *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). Oklahoma, like Indiana, had a statute which entitled a defendant to have his punishment fixed by the jury. Hicks was found guilty of an offense carrying a minimum sentence of ten years. The court, however, because of an habitual offender statute then in force, had instructed the jury to assess punishment at forty years imprisonment, which the jury had done. The habitual offender statute was declared unconstitutional in another case, but the Court of Criminal Appeals nevertheless affirmed Hicks' conviction and sentence, reasoning that he was not prejudiced since his sentence was within the range of punishment that could have been imposed.

The Supreme Court held that since a jury properly instructed could have imposed a sentence as low as ten years,

> [t]he possibility that the jury would have returned a sentence of less than 40 years is thus substantial. It is, therefore, wholly incorrect to say that the petitioner could not have been prejudiced by the instruction requiring the jury to impose a 40-year prison sentence.
>
> . . . .
>
> Where, however, a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's inter-

est in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion . . ., and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the state. . . . In this case Oklahoma denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jury *might* have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law.

*Id.* at 346, 100 S.Ct. at 2229.

■ *Hicks* surely establishes the proposition that where state law prescribes a range of possible punishment, to be fixed by the jury, it is a deprivation of liberty without due process for the state court to require the jury to impose a longer imprisonment than the least the jury was authorized to choose.

■ It seems equally clear to us that the Supreme Court did not foreclose the decision, made here by the Supreme Court of Indiana, that the trial court's error was harmless under the circumstances, as materially different as they are from those in *Hicks*. In our view, Kelsie was not deprived of liberty without due process, the term imposed by the trial court being the least the jury could have imposed for the offense of which the jury convicted her.

The argument to the contrary is the one suggested by Justice DeBruler in dissent. He reasoned that the jury's conviction could not be given effect until the jury also prescribed the punishment. He apparently thought that if the jury knew that the minimum penalty for second degree murder is fifteen to twenty-five years, the jury might have found her guilty of manslaughter, with imprisonment of not less than two nor more than twenty-one years, or might

even have decided to acquit. He noted Kelsie's claim that she had acted in self-defense.

To bring the case under the reasoning of *Hicks*, it would be necessary to find a state law right to have the jury consider the appropriateness of the punishment prescribed for each offense in deciding whether to convict of second degree murder or manslaughter, or to acquit.

■ This view of the jury's function is contrary to the ordinarily accepted principle that it is a jury's duty to determine the facts and apply the law in deciding to convict or acquit, without regard to the punishment which would follow or the jurors' idea of what punishment would be just. Juries are usually instructed, as this one was, that the subject of punishment "is a matter which must not in any way affect your decision as to whether the defendant is guilty or is not guilty of the offense charged." Although in fact a verdict of acquittal is not reviewable, it is the duty of the jury to apply the law. *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895); *United States v. Dellinger*, 472 F.2d 340, 408 (7th Cir. 1972), *cert. denied*, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973). There was no possibility of a verdict more favorable to Kelsie unless the jury would violate its duty to decide the merits independently of the sentence. In applying the harmless error test of *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), we do not think we need assume such violation.

■ An additional answer, however, to Kelsie's claim is that the Supreme Court of Indiana has decided that Indiana law does not give her the right, in these circumstances, to have the jury reconsider the verdict of conviction in the light of the punishment prescribed. The dissent presented the proposition that she had that right, 354 N.E.2d at 232, but the majority rejected it. Not only did the Indiana court so decide in this case, but cited with approval an earlier decision holding that a defendant was not harmed in similar circumstances. *Palmer v. State*, 198 Ind. 73, 77, 152 N.E. 607, 608 (1926).

Accordingly, the judgment appealed from is reversed, and the cause remanded with directions to deny the petition for *habeas corpus.*

Reversed.