442 So.2d 442 (1983)
STATE of Louisiana
v.
James Mitch PATTERSON.
No. 82-KA-2099.
Supreme Court of Louisiana.
December 20, 1983.
*443 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Blake, Dist. Atty., George H. Meadors, Asst. Dist. Atty., for plaintiff-appellee.
W. Eugene Golden, Susan D. Scott, Shreveport, for defendant-appellant.
LEMMON, Justice.
This appeal presents the question of whether a trial court can suspend part of a felony sentence of imprisonment at hard labor conditioned upon the payment of restitution. We hold that our law does not authorize the imposition of such a sentence and remand for resentencing.
As a result of a plea bargain, defendant pleaded guilty to an amended indictment charging him with aggravated battery.[1] La.R.S. 14:34. After a presentence investigation, the trial judge sentenced defendant to eight years imprisonment at hard labor. However, the judge further ordered that two of the eight years be suspended, conditioned upon defendant's making restitution to the victim in the amount of $6,215 within two years of the date of imposition of sentence. Defendant appealed, contending among other things that the sentence was illegal.
The code articles dealing with the imposition of sentence in felony cases in Louisiana do not permit the imposition of a "split sentence". See La.C.Cr.P. Arts. 871, 874, 879, 881, 884, 893-895.1. Neither do the code articles permit the ordering of restitution in felony cases in which a sentence of imprisonment is imposed.[2] See La.C.Cr.P. Arts. 895 and 895.1; State v. Hernandez, 432 So.2d 350 (La.App. 1st Cir.1983).
The sentencing judge cannot impose a sentence at hard labor and order that part of that sentence be suspended if certain probationary conditions are met. Compare La.C.Cr.P. Arts. 893 and 894. See also La.C.Cr.P. Art. 895.[3] Article 894, which authorizes the suspension of sentence in misdemeanor cases, does permit the sentencing judge to suspend "the whole or any part of the sentence imposed". The Legislature chose not to provide this option in enacting La.C.Cr.P. Art. 893, which grants the trial judge the authority to suspend sentences in certain felony cases. The difference in the language of the two code articles reveals a legislative choice to permit this sort of "split sentence" only in misdemeanor (and not in felony) cases. Similarly, the trial judge in misdemeanor cases may modify a previously imposed sentence of imprisonment to grant probation, but may not do so in felony cases.[4] Compare La.C.Cr.P. Art. 894 with La.C. Cr.P. Art. 881 and 893 D.
We conclude that when a trial judge decides to sentence a defendant to a term of imprisonment in the state penitentiary without suspending the sentence, the judge cannot control the length of the period of actual incarceration. The comments to Article *444 881 evidence a legislative intent in felony cases to leave the question of "early release" to the parole authority under legislation dealing with parole eligibility.[5] See La.R.S. 15:574.2 and the following articles.
Accordingly, the sentence is set aside as illegal and the case is remanded for resentencing in accordance with law.[6] See State v. Guajardo, above.
NOTES
[1] Defendant had stabbed a man in the back with a lock-bladed hunter's knife, causing severe injury.
[2] In felony cases in which a defendant is imprisoned for his crime, the parole board may order restitution for the victim as a condition for granting parole. See La.R.S. 15:574.4 J.
[3] La.C.Cr.P. Art. 895 B authorizes the trial judge, upon suspending the entire sentence in a felony case and placing the defendant on probation, to order defendant to serve a term of imprisonment without hard labor as a condition of probation.
[4] La.C.Cr.P. Art. 893 D specifically prohibits the trial judge from suspending a felony sentence after the execution of that sentence has begun. See State v. Guajardo, 428 So.2d 468 (La.1983).
[5] On recommendation of the Louisiana State Law Institute, the Legislature in 1974 explicitly authorized trial judges to impose a jail sentence under La.C.Cr.P. Art. 895 B as a condition of probation in felony cases. See Acts 1974, No. 211, authorizing a one-year jail sentence as a condition of probation, and Acts 1982, No. 27, which extended the period to two years. Nevertheless, in such a felony case, the principal sentence of imprisonment is suspended, and the specified term of jail confinement ("imprisonment without hard labor") is clearly designated as a condition of probation imposed under La.C. Cr.P. Art. 895 B.
[6] We expressly do not consider defendant's complaint regarding excessiveness of sentence or failure to comply with La.C.Cr.P. Art. 894.1. Since the sentence was illegal and the defendant must be resentenced, it would be premature to consider issues which might not arise from the sentence to be imposed on remand.