The judgment of the district court is therefore

AFFIRMED.

Kenneth Wayne DUPUY,
Petitioner–Appellant,

v.

Robert H. BUTLER, Sr., Warden,
Louisiana State Penitentiary,
Respondent–Appellee.

No. 87–3153.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1988.

Helen Ginger Berrigan, New Orleans, La., for petitioner-appellant.

E. Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondent-appellee.

Before SNEED,[*] and REAVLEY, and JOHNSON, Circuit Judges.

PER CURIAM:

State prisoner Kenneth Wayne Dupuy applies for habeas corpus relief under 28

U.S.C. § 2254, arguing that his so-called split-sentence is a violation of Louisiana state criminal sentencing procedure amounting to a due process violation under the federal constitution according to the teachings of *Hicks v. Oklahoma*.[1] We do not decide whether Dupuy's split-sentence does or does not violate state law. Instead, we shall assume there was a state law violation because, even making this assumption, we hold that Dupuy does not have a valid *Hicks* claim. We therefore affirm the district court's denial of habeas corpus relief.

I. *Facts and Procedural History*

Dupuy pleaded guilty in Louisiana state court to the felony charge of attempted forcible rape. The state trial court accepted the plea and in April 1981 imposed a so-called split-sentence: The court first sentenced Dupuy to ten years' imprisonment at hard labor and then immediately (and thus before Dupuy had begun to serve the ten year sentence) suspended the last seven years of the sentence and substituted five years' probation in place of the suspended seven years.

Because of good time credit, Dupuy was released in April 1983 after two years' imprisonment, and his probation began. Thereafter, in January 1984, Dupuy was arrested for and later convicted of the offense of indecent behavior with a juvenile. Because the indecent behavior offense was a violation of one of Dupuy's probation conditions, his probation was revoked in September 1984. Dupuy was then ordered to serve the remaining seven years of his attempted rape sentence consecutive to a five year sentence for his indecent behavior offense.

Dupuy applied to the state trial court for habeas corpus relief. As shown by a transcript of the proceeding, Dupuy argued there that the sentencing judge had in April 1981 violated article 893(D) of the Louisiana Code of Criminal Procedure by "in effect suspend[ing] this sentence after the defendant [Dupuy] begins to serve his

---

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

1. 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980).

sentence."[2] The state trial habeas corpus court rejected Dupuy's article 893(D) claim and denied habeas corpus relief.

Dupuy then applied to the Louisiana high court for a supervisory writ to review the denial of habeas corpus relief. Before that court, Dupuy developed a new argument based on the case of *State v. Chism*.[3] In *Chism* and cases following, the Louisiana high court concluded that article 893(A) of the Louisiana Code of Criminal Procedure grants a trial judge no authority in the case of certain felonies to suspend a prison sentence *in part* (as opposed to suspension in full).[4] Attempted forcible rape, as a felony eligible for hard labor punishment, is governed by article 893(A).[5] Thus, Dupuy argued before the Louisiana high court in his application for a supervisory writ that his April 1981 split-sentence violated *Chism*.[6] That court rejected Dupuy's application with the single word "Denied."

Dupuy thereafter applied to federal district court for habeas corpus relief under 28 U.S.C. § 2254. A federal magistrate recommended a denial of habeas corpus relief. He reasoned that, although state sentencing procedure as developed in *Chism* may have been violated, Dupuy had no valid *Hicks* claim. The district court disagreed with the magistrate's reasoning, concluding instead that the state habeas corpus courts had determined that Dupuy's split-sentence did not violate state law. Accordingly, because there was no state law violation and thus necessarily no federal law violation under *Hicks*, the district court denied habeas corpus relief.

In granting a certificate of probable cause, a judge of this Court observed that the state habeas corpus courts may not have resolved the validity of Dupuy's *Chism* split-sentence claim and further that Dupuy might have a valid *Hicks* claim if the split-sentence was illegal under state law. On this appeal, Dupuy contends that his split-sentence is illegal under *Chism*[7] and that he has a valid *Hicks* claim.

## II. *Discussion*

### A.

This case presents a serious question of exhaustion. Title 28 U.S.C. § 2254 requires that the habeas corpus applicant have "exhausted the remedies available in the courts of the State." Here, the State admitted exhaustion, and the district court took note of this admission. Nevertheless, this Court "in its discretion may either accept or reject the state's waiver of the exhaustion requirement, or notice sua

---

**2.** *See generally State v. Patterson*, 442 So.2d 442, 443 & n. 4 (La.1983); *State v. Guajardo*, 428 So.2d 468, 470 (La.1983).

**3.** 436 So.2d 464 (La.1983).

**4.** *State v. Brown*, 445 So.2d 422, 423 n. 2 (La.1984); *Patterson*, 442 So.2d at 443; *Chism*, 436 So.2d at 470; *see State v. Fluitt*, 482 So.2d 906, 915 (La.App.1986). The remedy in these cases has been vacatur of the full sentence and resentencing, not just vacatur of the unauthorized partial suspension. *Patterson*, 442 So.2d at 444; *Chism*, 436 So.2d at 470. This is apparently in recognition of the fact that the sentencer, when imposing the sentence in its full severity, did so in contemplation of the partial suspension immediately following.

**5.** *Compare infra* notes 24 & 25 and accompanying text *with* La.Code Crim.Proc. art. 893(A).

**6.** The State responds to Dupuy's state law claim by observing that the Louisiana Criminal Code provided at the time of Dupuy's offense and

sentencing that "[a]t least two years of the sentence [for forcible rape] shall be without benefit of probation, parole, or suspension of sentence." La.Rev.Stat.Ann. § 14:42.1. This statutory mandate applied as well to attempted forcible rape. *See id.* § 14:27.D(3). The State argues that, through this provision, the *Criminal Code* supplied the authority to suspend a sentence in part that *Chism* and the later cases have found absent in the *Code of Criminal Procedure.*

Dupuy rejoins that the Criminal Code provision does not purport to be an affirmative grant of authority to suspend a sentence whether in part or in full. Rather, he contends, it limits the exercise of such suspension authority as may elsewhere exist, that is, in the Code of Criminal Procedure.

As noted, we shall have no occasion to consider these arguments on the validity of Dupuy's *Chism* claim under state law.

**7.** Of course, Dupuy's state law claim alone is no basis for habeas corpus relief, which is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

sponte the lack of exhaustion."[8]

 Dupuy presented his *Hicks* claim to neither the state trial habeas corpus court nor the Louisiana high court on review of habeas corpus denial. More important, Dupuy's federal law *Hicks* claim might in part depend upon the *Chism* split-sentence claim under state law,[9] and the *Chism* claim was presented to the Louisiana high court without first having been presented to the state trial habeas corpus court. Generally, the exhaustion requirement is satisfied if a claim has "been presented once to the state's highest court."[10] Nevertheless, the habeas corpus applicant must provide the high state court with "a fair opportunity" to pass upon the claim.[11] Generally, that means that the habeas corpus applicant must "present his claims before the [state] courts in a procedurally proper manner according to the rules of the state courts."[12] There is some suggestion in Louisiana law, at least in the case of appeals, that a reviewing court generally considers only questions that were "at issue in the trial court."[13] Dupuy may not have presented his *Chism* split-sentence claim to the Louisiana high

court in a procedurally proper manner because he failed to present the claim first to the state trial habeas corpus court.[14] We do not answer the question definitively because we have decided to exercise our discretion to accept the State's waiver of any failure to exhaust. We accept the waiver because, as we conclude below, Dupuy has no valid *Hicks* claim whether or not his *Chism* split-sentence claim is valid under state law.

### B.

We begin by examining the elements of a *Hicks* claim. In *Hicks*, the petitioning state prisoner had been sentenced by a jury to a mandatory forty year prison sentence. The statute mandating the forty year sentence was later declared unconstitutional. The Supreme Court vacated a state court judgment declining to set aside the forty year sentence.

The Court observed that the sentencing jury had not been instructed, as the jury should have been under state law, that it could select a sentence as short as ten years. The Court ruled that a state crimi-

---

**8.** *McGee v. Estelle,* 722 F.2d 1206, 1214 (5th Cir.1984) (en banc); *see also Granberry v. Greer,* — U.S. —, 107 S.Ct. 1671, 1674–76, 95 L.Ed.2d 119 (1987); *Purnell v. Missouri Dep't of Corrections,* 753 F.2d 703, 710 (8th Cir.1985); *Larsen v. Maggio,* 736 F.2d 215, 217 n. 4 (5th Cir.), *cert. denied,* 469 U.S. 1089, 105 S.Ct. 598, 83 L.Ed.2d 707 (1984); *Thompson v. Wainwright,* 714 F.2d 1495, 1509 (11th Cir.1983), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984).

**9.** *See Granberry,* 107 S.Ct. at 1675 ("If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis").

**10.** *Carter v. Estelle,* 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds,* 691 F.2d 777 (5th Cir.1982), *cert. denied,* 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *see generally Richardson v. Procunier,* 762 F.2d 429, 430–32 (5th Cir.1985).

**11.** *Carter,* 677 F.2d at 443–44; *see also Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

**12.** *Carter,* 677 F.2d at 443.

**13.** *Parish of Jefferson v. Louisiana Dep't of Corrections,* 259 La. 1063, 254 So.2d 582, 591 (1971); *see also Krauss Co. v. Develle,* 236 La. 1072, 110 So.2d 104, 105–06 (1959); *Mundy v. Gentilly Oaks Inc.,* 227 La. 118, 78 So.2d 530, 532 (1955); *Succession of Fertel v. Fertel,* 226 La. 307, 76 So.2d 377, 379 (1954); *Novick v. Miller,* 222 La. 469, 62 So.2d 645, 648 (1952); *Fried v. Bradley,* 219 La. 59, 52 So.2d 247, 257 (La. 1950); *Dobrowolski v. Dobrowolski,* 215 La. 1078, 42 So.2d 760, 763 (1949); *Crichton v. Lee,* 209 La. 561, 25 So.2d 229, 235–36 (1946); *A. Sulka & Co. v. City of New Orleans,* 208 La. 585, 23 So.2d 224, 229 (1945); *State ex rel. Fitzmaurice v. Clay,* 208 La. 443, 23 So.2d 177, 183 (1945); *Perot v. Police Jury,* 208 La. 1, 22 So.2d 666, 668 (1945); *Weingart v. Delgado,* 204 La. 752, 16 So.2d 254, 256 (1943); *Succession of Villere,* 411 So.2d 484, 490 (La.App.1982); *Handy v. Cheatum,* 410 So.2d 322, 323 (La.App. 1982); *Richardson v. Stan Weber & Assocs., Inc.,* 400 So.2d 1196, 1197 (La.App.1981); *compare Cities Serv. Oil Co. v. Carter,* 247 La. 974, 175 So.2d 288, 292 (1965); *Devillier v. City of Opelousas,* 247 So.2d 412, 418 (La.App.1971).

**14.** *Compare Wallace,* 778 F.2d at 1220–25.

nal defendant such as the petitioner Hicks has "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined [A] by a jury [B] in the exercise of its statutory discretion." [15] Further, this "liberty interest" was "one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." [16] Finally, there was a "substantial" "possibility" that a properly instructed jury would have returned a sentence of less than forty years.[17]

Later cases have interpreted the liberty interest recognized in *Hicks* as entitling the state criminal defendant to a sentencing decision *by the sentencing authority designated under state law* (usually jury or judge).[18] Further, that interest entitles the state criminal defendant to a decision by the designated sentencing authority *in exercise of its discretion under state law*, that is, with "knowledge and understanding of the range of sentencing discretion" under state law.[19] Thus, to establish a valid *Hicks* claim, the state criminal defendant must show (1) either (A) that the sentencing decision was not made by the sentencing authority designated under state law or (B) that the sentencing authority lacked knowledge and understanding of the range of sentencing discretion under state law and (2), in the case of either (A)[20] or (B),[21] that there was a "substantial" "possibility" that prejudice was thereby caused.[22] The present case implicates elements (1B) and (2).

### 1.

In the usual case, element (1B) is demonstrated by showing that the sentencing authority was aware of some sentencing options, but ignorant of one or more less severe sentencing options at the lower range of permissible sentencing discretion.[23] If a substantial possibility exists that the sentencer, if properly informed, would have chosen one of these less severe options, element (2) is made out as well.

It is also possible that element (1B) would be established in a case in which the sentencer is aware of all sentencing options, but imagines itself to have additional and more severe options beyond the upper range of permissible sentencing discretion. In such a case, element (2) would also be established if the sentencer has selected one of these imagined options because, if properly informed, the sentencer would have been forced to choose from among the legal options, all of which would have been less severe.

The present case fits neither of these two patterns. At the time of Dupuy's offense and sentencing, the offense of forcible rape was punishable by impris-

**15.** *Hicks,* 447 U.S. at 346, 100 S.Ct. at 2229.

**16.** 447 U.S. at 346, 100 S.Ct. at 2229.

**17.** 447 U.S. at 346, 100 S.Ct. at 2229.

**18.** *Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 697 n. 4, 88 L.Ed.2d 704 (1986); *Andrews v. Shulsen,* 802 F.2d 1256, 1271 n. 13 (10th Cir. 1986), *cert. denied,* — U.S. —, 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987); *Drennon v. Hess,* 642 F.2d 1204, 1205 (10th Cir.1981); *Mendiola v. Estelle,* 635 F.2d 487, 489 n. 1 (5th Cir. Unit A 1981); *see Mabry v. Klimas,* 448 U.S. 444, 446–47, 100 S.Ct. 2755, 2757, 65 L.Ed.2d 897 (1980); *Shaw v. Johnson,* 786 F.2d 993, 998 n. 7 (10th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 154, 93 L.Ed.2d 95 (1986); *see generally Anderson v. Jones,* 743 F.2d 306, 308 (5th Cir.1984); *Browne v. Estelle,* 712 F.2d 1003, 1005 (5th Cir.1983), *reh'g granted on other grounds,* 721 F.2d 1037 (5th Cir.1984); *Hickerson v. Maggio,* 691 F.2d 792, 794 (5th Cir.1982); *Prater v. Maggio,* 686 F.2d 346, 350 n. 8 (5th Cir.1982).

**19.** *Every v. Blackburn,* 781 F.2d 1138, 1140 (5th Cir.1986); *see Anderson,* 743 F.2d at 308; *Williams v. Maggio,* 730 F.2d 1048, 1049 (5th Cir.1984); *Hickerson,* 691 F.2d at 795 & n. 2; *Prater,* 686 F.2d at 350; *Willeford v. Estelle,* 637 F.2d 271, 272 (5th Cir. Unit A 1981).

**20.** *Mabry,* 448 U.S. at 446, 100 S.Ct. at 2757 ("The Court of Appeals acknowledged that the omission of discretionary resentencing by a jury [as opposed to an appellate court] would not have prejudiced the respondent if … he had received the most lenient sentence authorized by law for the offenses of which he had been convicted").

**21.** *E.g., Hill,* 653 F.2d at 204–05.

**22.** *Supra* note 17; *see also Shaw,* 786 F.2d at 998.

**23.** *E.g., Willeford,* 637 F.2d at 272; *Kelsie v. Trigg,* 657 F.2d 155, 157 (7th Cir.1981).

onment "at hard labor for not less than two nor more than forty years." [24] Dupuy's attempt offense, in turn, was punishable "in the same manner as for the [forcible rape] offense attempted; such ... imprisonment ... not [to] exceed ... one-half of the longest term of imprisonment prescribed for the [forcible rape] offense so attempted." [25] Thus, the options available to the sentencing judge ranged from two years' imprisonment at hard labor to twenty years' imprisonment at hard labor. In terms of its severity, Dupuy's split-sentence (three years of imprisonment, five years of probation) falls squarely within the range of permissible sentencing discretion. There is no showing, no allegation, that the sentencing judge was unaware of the least severe option or thought he had sentencing options more severe than the maximum sentence. Under these circumstances, Dupuy cannot show the element of lack of sentencer knowledge and understanding of the range of sentencing discretion permissible under state law.

### 2.

■ Even if he could show that the sentencing judge lacked such knowledge and understanding, Dupuy cannot show the element of prejudice. Here, Dupuy argues that the sentencing judge, if aware of the asserted unavailability of the split-sentence, would have been forced to abandon the five year probation feature. To compensate for the lost probation feature, the judge might, it is argued, have added one or more years to Dupuy's prison sentence of three years. Even so, Dupuy contends, the prison sentence would have been less than the ten year sentence he ultimately received for the attempted forcible rape offense (three years plus seven years upon revocation of probation).

Dupuy's prejudice argument relies upon the barest sort of cause in fact: But for the split-sentence, there would have been no probation condition for Dupuy to violate when he committed the offense of indecent behavior with a juvenile. We cannot, however, ignore the circumstance that, if Dupuy had never violated the conditions of his probation, he surely would not have complained of having received five years' probation in place of more prison time. Stated another way, the significant and precipitating cause of Dupuy's additional seven year sentence was not the lack, if any, of sentencing knowledge and understanding on the part of the sentencing judge. Instead, the significant and precipitating cause was Dupuy's own violation of probation conditions by committing the indecent behavior offense, which in turn brought about revocation of probation and reinstatement of the suspended seven year sentence. Under these circumstances, Dupuy cannot show the element of prejudice.

### III. *Conclusion*

We do not decide whether Dupuy's split-sentence was or was not illegal under Louisiana law. Even assuming the split-sentence was not an available sentencing option, we conclude that Dupuy has no valid *Hicks* claim. The judgment of the district court denying habeas corpus relief is therefore

AFFIRMED.

---

**24.** La.Rev.Stat.Ann. § 14:42.1. The statute apparently prohibited suspension in full by providing: "At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." *Id.*

**25.** La.Rev.Stat.Ann. § 14:27.D(3).