IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30261
Conference Calendar
_____

JUDE B. SAUCIER,

Petitioner-Appellant,

versus

JOEY ALCEDE, Warden,
Calcasieu Correctional Center,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-30261
- - - - - - - - - -
June 28, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jude B. Saucier requests a certificate of probable cause (CPC) and maintains that he has exhausted state remedies regarding his challenge to the constitutionality of Louisiana's "good-time" statute, La. Rev. Stat. Ann. 15:571.5 (West 1994).

Saucier's habeas petition is a 28 U.S.C. § 2241 petition, not a 28 U.S.C. § 2254 petition. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987). He is attacking a restraint on his liberty, a parole-hold detainer, caused, not by documents issued by a state court, but by

_____

    [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Louisiana prison officials.  See Birdwell v. Skeen, 983 F.2d 1332, 1335 n.5 (5th Cir. 1993) (documents such as detainers issued by a criminal justice agency are not documents issued by a state court).  Thus, a CPC is unnecessary for the appeal because "the detention complained of [does not] arise[] out of process issued by a State court."  Fed. R. App. P. 22(b); cf. 28 U.S.C. § 2253.  Saucier's motion for a CPC is DENIED as unnecessary.

There is no statutory requirement that a petitioner seeking federal habeas relief under § 2241 exhaust state habeas remedies.  See § 2241(c)(3).  However, there is a "judicially crafted" exhaustion requirement based on "federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  Dickerson, 816 F.2d at 225.

The exhaustion doctrine requires a habeas petitioner to present his claims to the state's highest court in the procedural posture in which the claims ordinarily will be considered on their merits.  Castille v. Peoples, 489 U.S. 346, 351 (1989); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1982).  Saucier admits that he has not done this.  The district court's dismissal, without prejudice, for failure to exhaust state remedies was proper.

CPC DENIED as unnecessary; JUDGMENT AFFIRMED.