Terry A. PLOECKELMANN, Petitioner,

v.

Joan FINNEY, et al., Respondents.

No. 94–3301–DES.

United States District Court,
D. Kansas.

Sept. 24, 1997.

Terry A. Ploeckelmann, Hutchinson Correctional Facility, Hutchinson, KS, pro se.

John J. Knoll, Topeka City Attorney Office, Topeka, KS, for Respondents.

### ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by a prisoner while confined in Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner proceeds pro se and in forma pauperis in this action.

A federal court may entertain a state prisoner's petition for habeas corpus relief only on the grounds that the prisoner's confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a) (1988).

Petitioner filed this action while serving a controlling indeterminate sentence of 5 to 15 years for convictions by guilty plea to inde-

cent solicitation of a child, K.S.A. 21–3503(c), aggravated sexual battery, K.S.A. 21–3518(b), and indecent liberties with a child, K.S.A. 21–3503(c), offenses committed in 1985 and 1987. Petitioner was sentenced during a transition period surrounding the implementation of the Kansas Sentencing Guidelines Act (KSGA). The Act imposed determinate sentences for offenses committed after July 1, 1993, the effective date of KSGA. Under the Act, sentencing was to be imposed according to a grid that takes into account both the prisoner's criminal history and the severity of the criminal offense for which the prisoner is being sentenced. Pursuant to state law, the Kansas Department of Corrections (DOC) considered whether petitioner's criminal history and offense conduct made petitioner eligible for retroactive application of the KSGA.

At one point, DOC determined that petitioner should be classified as 5(H), which would make petitioner eligible for conversion of his sentence under KSGA. DOC later corrected its classification to 3(H) to reflect petitioner's conviction for his primary offense, indecent liberties with a child, as a severity level 3 offense. Under that classification, conversion of petitioner's sentence was not available. Petitioner filed a state court action to allege error in this classification, and to challenge the constitutionality of the limited retroactive application of KSGA to some but not all prisoners serving sentences for offenses committed prior to the enactment of KSGA.

The state court dismissed petitioner's action for lack of jurisdiction because no DOC sentencing report was before the court. Petitioner filed several unsuccessful post-judgment motions for review, and filed a notice of appeal from all adverse rulings. That appeal was dismissed based upon petitioner's failure to docket the appeal in the Kansas Court of Appeals. Instead, petitioner filed a direct action in the Kansas Supreme Court to challenge, on an equal protection ground, the limited retroactivity of KSGA. The Kansas Supreme Court summarily dismissed that action.

Petitioner later filed a second direct action in the Kansas Supreme Court, to allege error

in his classification and to again challenge the constitutionality of the limited retroactive application of KSGA. The state supreme court again dismissed the action without an opinion.

Court records reflect that petitioner was released in July 1995 to serve two years on parole. Petitioner has not notified the court of his release on parole; nor has petitioner complied with local court rules which require him to notify the court of any change in his address.

Generally, the expiration of petitioner's confinement prior to the adjudication of the claims raised in the petition for writ of habeas corpus does not render the claims moot where collateral consequences can still flow from the challenged conviction. *Carafas v. LaVallee,* 391 U.S. 234, 237–39, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968); *Oyler v. Allenbrand,* 23 F.3d 292, 294 (10th Cir.1994). In the present case, however, petitioner does not challenge his conviction, but rather a classification made for the sole purpose of determining whether petitioner's sentence was to be converted to a determinate sentence under KSGA. If petitioner has fully served his original sentence and parole term, then this action would be considered moot because the court discerns no collateral consequences which would now flow from the challenged classification decision.

Even if petitioner's claims are not moot, the record suggests petitioner has neither exhausted state court remedies on his claim, nor attempted to do so in the orderly manner provided by state court procedural rules. *See e.g. Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988) (presentation of claim to highest state court satisfies exhaustion requirement only if claim is presented in procedurally proper manner according to rules of state court); *Lindquist v. Gardner,* 770 F.2d 876, 877 (9th Cir.1985) (state habeas petition originally filed in state supreme court and denied without explanation did not exhaust state remedies where state supreme court's exercise of original jurisdiction was discretionary).

■ Rather than belabor this action further to clarify the significance, if any, of petitioner's bypass of state appellate procedure, the court finds petitioner is not entitled to relief because the claims raised have no merit. *See Granberry v. Greer,* 481 U.S. 129, 136, 107 S.Ct. 1671, 1676, 95 L.Ed.2d 119 (1987) (exhaustion not required where petition for writ of habeas corpus raises no colorable claim, and interests of comity and federalism are better served by addressing merits of claim).

This court has previously considered and rejected the argument that the limited retroactive application of the KSGA violates the equal protection or ex post facto clauses. *Jones v. Bruce,* 921 F.Supp. 708 (D.Kan. 1996). For the reasons expressed in that decision, petitioner's constitutional challenge in the present case is also rejected.

■ Likewise, the court finds no merit in petitioner's claim that his criminal offense behavior was unconstitutionally enhanced in determining his classification under the state sentencing grid. For the purpose of evaluating a prisoner's sentence for possible retroactive application of KSGA, state officials are directed to consider the criminal offense behavior according to the crime that would be charged if the offense had been committed after July 1, 1993, the effective date of KSGA. *See State v. Fierro,* 257 Kan. 639, 650, 895 P.2d 186, 193 (1995)(sentence to be computed under sentencing guidelines by looking at actual conduct and applying actual acts committed to the comparable crime in effect after July 1, 1993). Although petitioner entered a guilty plea to the charge of indecent liberties with a child, he does not dispute that his offense behavior after July 1, 1993, would constitute the crime of aggravated indecent liberties. The state court's interpretation of the state sentencing legislation does not give rise to any claim of constitutional significance that would warrant federal habeas corpus relief. Pursuant to its analysis in *Jones,* this court finds no constitutional violation is presented where petitioner continues to serve the sentence originally imposed by the state sentencing court, and where the challenged legislation is rationally related to a legitimate concern that conversion of existing sentences be limited to less serious offenders.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.