**Murt HANKS, Jr., Petitioner,**

v.

**Charles SIMMONS, et al., Respondents.**

**No. 96–3549–DES.**

United States District Court,
D. Kansas.

Sept. 30, 1998.

---

Murt (nmn) Hanks, III, El Dorado, KS, pro se.

---

## *ORDER*

SAFFELS, Senior District Judge.

Petitioner proceeds pro se on a petition for writ of habeas corpus, filed under 28 U.S.C. § 2254.[1]

Petitioner presents a confusing factual scenario as a backdrop for his claim of that the Department of Corrections is not handling his state sentence as required under the Kansas Sentencing Guidelines Act.

■ Petitioner's attempt to force compliance with state law through a federal writ of habeas corpus is misguided and premature. Absent a showing that state remedies are not available or that circumstances render such state corrective process ineffective to protect petitioner's rights, habeas corpus relief under § 2254 shall not be granted if it appears petitioner has not exhausted available state court remedies on the claims raised in the petition for writ of habeas corpus. 28 U.S.C.

§ 2254(b)(1) (as amended by the Prison Litigation Reform Act of 1996).

■ To satisfy this exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court had the opportunity to rule on the same claim presented in federal court, or that no state court remedies were available at the time petitioner filed his federal petition. *Miranda v. Cooper,* 967 F.2d 392 (10th Cir.), *cert. denied,* 506 U.S. 924, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992). *See e.g. Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988) (presentation of claim to highest state court satisfies exhaustion requirement only if claim is presented in procedurally proper manner according to rules of state court); *Lindquist v. Gardner,* 770 F.2d 876, 877 (9th Cir.1985) (state habeas petition originally filed in state supreme court and denied without explanation did not exhaust state remedies where state supreme court's exercise of original jurisdiction was discretionary).

In the present case, petitioner provides a copy of a 1996 state district court order which relates that DOC has determined that petitioner is eligible for conversion of his sentence in three specified criminal cases. The state court further directed that if DOC failed to convert his sentence, petitioner was to seek relief through a state petition for writ of habeas corpus (K.S.A.60–1501) in the district of confinement, or through a state writ of mandamus.

There is no indication petitioner sought such relief in the state courts. Instead, it appears petitioner filed this federal habeas corpus action and cited these and other state statutes. As a result, whatever merit there may be to petitioner's claims, his failure to pursue state remedies in an appropriate manner precludes relief in federal court under § 2254.[2]

Because there is nothing in the record to demonstrate that petitioner has exhausted state court remedies on his claim, the court

---

1. Petitioner also cites Kansas habeas corpus, mandamus, and declaratory judgment statutes, but these state statutes provide no basis for federal habeas corpus jurisdiction.

2. Likewise, petitioner's demand for damages also is premature. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (damages premature where the alleged unconstitutional imprisonment has not been overturned).

finds this matter should be dismissed without prejudice to allow petitioner the opportunity to do so.

IT IS BY THE COURT THEREFORE ORDERED that this action is hereby dismissed without prejudice.