IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30033
Summary Calendar
_____


JOHN WILLIAM MORACE,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-443
--------------------

August 20, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and CARL E. STEWART,
Circuit Judges.

PER CURIAM:[*]

     John William Morace, Louisiana prisoner No. 114169, appeals

the district court's dismissal of his 28 U.S.C. § 2254 petition

asserting a claim of an excessive sentence as a result of being

sentenced as a second felony offender.  The district court

dismissed without prejudice for failure to exhaust state

remedies.

     In granting Morace a certificate of appealability (COA), the

district court stated that the issue of whether Morace had

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

exhausted his state court remedies was a substantial showing of the denial of a constitutional right. Exhaustion, however, is not a constitutional issue. See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998). Therefore, we will treat this COA as one granted due to a "credible showing of exhaustion." See Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998) (citing Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997) (applying the COA standard to nonconstitutional issue of exhaustion of state. remedies).

A petitioner seeking habeas relief under § 2254 is required to exhaust all claims in state court prior to requesting federal collateral relief. See id. at 387. Here, the Louisiana Third Circuit Court of Appeals refused to consider Morace's excessive sentence claim in a post-conviction proceeding and advised Morace to seek and out-of-time appeal instead. The Louisiana Supreme Court summarily denied Morace's writ of certiorari. Thus, there was no adjudication on the merits of Morace's sentencing claim due to the procedural defect in his petition.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim." Mercadel v. Cain, 1999 WL 409655, *4 (5th Cir. June 21, 1999) (per curiam) (citing Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)). This "fair opportunity" requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state court." Id. Although Morace arguably presented his sentencing claim to the Louisiana Supreme Court, the Louisiana Supreme Court

was denied a fair opportunity to consider Morace's claim because Morace has not yet filed an out-of-time appeal; his claim therefore remains unexhausted.  <u>See</u> <u>id</u>.  Accordingly, the district court's dismissal without prejudice is AFFIRMED.