NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1099

STATE OF LOUISIANA

VERSUS

S.J.I.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-977
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Billy Howard Ezell, Judges.

AFFIRMED WITH INSTRUCTIONS.

Honorable J. Phillip Haney
District Attorney
300 Iberia Street - Suite 200
New Iberia, LA 70560
Telephone:  (337) 369-4420
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

G. Paul Marx
P. O. Box 82389
Lafayette, LA 70598-2389
Telephone:  (337) 237-2537
COUNSEL FOR:
        Defendant/Appellant - S.J.I.

**Jeffrey J. Trosclair**
**Assistant District Attorney, 16th Judicial District Court**
**Courthouse - 5th Floor**
**Franklin, LA 70538**
**Telephone:  (337) 828-4100**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Jeffrey J. Trosclair**
**Assistant District Attorney, 16th Judicial District Court**
**Courthouse - 5th Floor**
**Franklin, LA 70538**
**Telephone:  (337) 828-4100**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

The Defendant, S.J.I.,[1] appeals as excessive his sentence of seven years at hard labor, with all but six years suspended, and five years of supervised probation on a plea of guilty to indecent behavior of a juvenile, a violation of La.R.S. 14:81.

We affirm.

## LAW AND DISCUSSION

The Defendant argues that the trial court imposed an illegal and constitutionally excessive sentence by sentencing him to seven years hard labor and adding five years supervised probation on a suspended one year hard labor sentence, resulting in total incarceration and supervision of eleven years, far in excess of statutory provisions.

In *State v. Moore*, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858, this court stated: "An illegal sentence is one not 'authorized or directed by law.' *State v. Johnson*, 220 La. 64, 55 So.2d 782 (1951)."

The Defendant contends his sentence is illegal because "the Legislature has not authorized Judges to impose Hard Labor and suspend part of it for conditional release." In support of this claim, the Defendant cites the following from *State v. Patterson*, 442 So.2d 442 (La.1983):

> The sentencing judge cannot impose a sentence at *hard labor* and order that part of that sentence be suspended if certain probationary conditions are met. Compare La.C.Cr.P. Arts. 893 and 894. See also La.C.Cr.P. Art. 895. Article 894, which authorizes the suspension of sentence in misdemeanor cases, does permit the sentencing judge to suspend "the whole or any part of the sentence imposed." The Legislature chose not to provide this option in enacting La.C.Cr.P. Art. 893, which grants the trial judge the authority to suspend sentences in

[1] The Defendant's initials are used pursuant to La.R.S. 46:1844(W).

certain felony cases. The difference in the language of the two code articles reveals a legislative choice to permit this sort of "split sentence" only in misdemeanor (and not in felony) cases. Similarly, the trial judge in misdemeanor cases may modify a previously imposed sentence of imprisonment to grant probation, but may not do so in felony cases.

*Id*. at 443. (Footnotes omitted).

However in 1986, after the decision in *Patterson*, the legislature amended La.Code Crim.P. art. 893 to allow the trial court to suspend "whole or part" of a sentence for a non-capital felony.

In *State v. Dixon*, 02-1265 (La.App. 3 Cir. 3/5/03), 839 So.2d 1141, the defendant asserted his sentence was illegally excessive because his sentence of imprisonment, in which two of three years were suspended, combined with the three-year probationary period exceeded the maximum statutory period of three and one-half years for the crime of attempted simple robbery. This court found the defendant's claim lacked merit. It explained in pertinent part:

When a defendant is sentenced to imprisonment in a state prison, he is placed in the custody of the Louisiana Department of Corrections. *State v. Bradley*, 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263, citing La.R.S. 15:824(A). Probation, on the other hand, "envisions control by the trial court over the suspended portion of the sentence." *Id*. at 267. Thus, the probationary period is not counted toward the maximum term for which a defendant may be imprisoned for an offense.

*Id.* at 1144. *See also State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601.

In this case, the applicable penalty at the time of the commission of the crime for a violation of La.R.S. 14:81 was a fine of not more than five thousand dollars, or imprisonment with or without hard labor for not more than seven years, or both. Additionally, on a first or second non-capital felony, a trial court may suspend,

in whole or in part, the imposition or execution of a sentence, where suspension is allowed under the law, and place the defendant on probation under the supervision of the division of probation and parole for up to five years. La.Code Crim.P. art. 893. Thus, the Defendant's sentence is legal and this claim lacks merit.

The Defendant also argues his sentence is constitutionally excessive asserting in pertinent part:

> Beyond the issue of the split sentence, the imposed conditions, including five years probation and an additional one year of hard labor suspended amount to an excessive sentence. There is no doubt that this 58 year old man, by the time he is released a sixty three year old, will not have resources to pay a $5,000 fine.

In the Defendant's motion to reconsider sentence, he sets forth a claim only of excessiveness; thus, review is limited to that claim. La.Code Crim.P. art. 881.1(E).

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In *State v. Lisotta*, 98-648, (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, the court noted the following three factors the appellate court should consider in reviewing a judge's sentencing discretion:

> 1. the nature of the crime,
>
> 2. the nature and background of the offender, and
>
> 3. the sentence imposed for similar crimes by the same court and other courts.

*Id*. at 58.

At the guilty plea proceeding, the following factual basis was given:

> Your Honor, the state would prove that on or about the date alleged in the bill of information, [S.J.I.] was alongside juvenile, K.E., while the juvenile was sleeping. The juvenile disclosed that he woke up and felt a hand touch him on his private parts. He explained what he meant by private parts, and the juvenile said he meant his genitals. Juvenile K.E. told him that he woke up and his uncle, [S.J.I.], was kneeling down next to him while he was sleeping on the couch.

Additionally, at the guilty plea proceeding, the police report of the incident was filed into the record without objection. This report indicates that the Defendant, (the victim's stepuncle), had been living with the victim, the victim's mother, and the victim's stepfather (the Defendant's nephew), for over a year although he had his own residence. The victim informed the officer that this was not the first time his stepuncle had inappropriately touched him. The victim described another incident while he was sleeping and was awakened to find his stepuncle with his hand in the victim's shorts.

At the sentencing hearing, the victim's mother testified in pertinent part:

> A. My little boy used to be a straight "A" student. Now he makes straight "F's." He doesn't trust anybody. And he's just been in and out the court system. I've never had

4

trouble with him like that before. He's on probation right now. My husband and I split up, you know, because it's his family. Just many different things. And I don't think he understands and sees what he done. My little boy was very, very, very close to him. He really did trust him. He gave [S.J.I.] all his trust in the world.

Additionally, the victim's stepfather testified, in pertinent part:

A. My life? He molested me since the time I was probably two till the time I was ten. So how do you think I feel?

Q. Has that been reported to the police?

A. Oh, yes, it has. Y'all have all the statements that y'all need, and I don't understand why it's not brought up in court. And I don't understand why it's been continued for almost a year now.

Q. How would you like to see the defendant punished in this matter?

A. Life in prison and never to touch another child again.

Q. Are you aware that the sentence has a maximum of seven years?

A. I was aware. The DA did tell me that. But he said we might get to a point they can give him maybe fourteen. I don't believe in just postponing this thing or letting him slide with probation or some stupid doctor telling him that he's not going to ever do it again. You can't never tell that man he's not going to do it again. And I don't want to see some other child go through what I went through.

Q. Help me understand. What is your relationship to the defendant?

A. That's my uncle.

Q. That's your uncle?

A. Yes.

Q. Are you aware of anyone else that he has touched?

A. Yeah, but nobody has the audacity to come up here and say it. Actually, I do. I know somebody that's incarcerated that will testify.

Additionally, the trial court, in open court, listened to a tape-recorded statement of Dr. Maureen Brennan, offered by the defense.

The trial court then set forth the following reasons for imposing sentence:

> [S.J.I.] was born on December 17, 1950. I consider that fact, and I consider the following facts in determining what his sentence will be.
>
> That today presently he's 54 years of age.
>
> The victim at the time of the offense was eleven years of age.
>
> [S.J.I.] was only charged with this one count of indecent behavior with a juvenile. But according to the child, this occurred on many other occasions.
>
> The court considers under Code of Criminal Procedure Article 894.1 the following factors.
>
> There is an undue risk that during any period of a complete suspended sentence or probation that the defendant would commit another similar crime.
>
> The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
>
> A lesser sentence than this court would give would deprecate the seriousness of his crimes.
>
> The victim knew or should have known that - I'm sorry - the offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth. In this case, it's a child who's eleven years of age.
>
> The offender used his position or status to facilitate the commission of the crime. He's a relative to the child.
>
> There is a danger to society that defendant would commit other crimes similar against other juveniles. The gentleman testified here today that this same man abused him when he was a child. Nobody's denied that. So we know that not only this child but this gentleman, who as a

child was related to the defendant, was also abused by the defendant. So I consider that fact.[2]

And of course I consider also the victim's statement as to the suffering that the child has endured as a result of this incident and the suffering that the mother and the stepfather have endured as a result of this incident.

In this case, the Defendant did not receive the maximum punishment allowed by the statute. The court could have imposed the entire seven-year sentence without suspension, but the trial court imposed the maximum fine of $5,000.00.[3]

---

[2]In *State v. Williams*, 96-37 (La.App. 3 Cir. 6/26/96), 677 So.2d 692, this court explained in pertinent part:

> In *State v. Berry*, 630 So.2d 1330, 1335 (La.App. 4 Cir.1993), the court stated, "[t]he Louisiana Supreme Court held a trial court could consider unadjudicated criminal activity in sentencing." The court, citing *State v. Bouie*, 532 So.2d 791, 793 (La.App. 4 Cir.1988), further stated, "we reiterated that a trial court may consider both arrests and convictions in imposing sentence, provided the defendant 'is given notice of the information and is afforded a chance to speak in mitigation.'" *Berry*, 630 So.2d at 1335. In *Stein*, 611 So.2d at 802, this court stated:
>
> > However, in selecting a proper sentence, a trial judge is not limited to considering only a defendant's proper convictions and may properly review all criminal activity . . . . The trial judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. (citation omitted).
>
> In *State v. Myles*, 94-217, p. 2 (La. 6/3/94); 638 So.2d 218, 219, the supreme court stated:
>
> > The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Brown*, 410 So.2d 1043 (La.1982).

*Id.* at 697. *See State v. Badeaux,* 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414, where the court, when imposing sentence, considered although the defendant had no previous felony offenses, he had been accused of molesting his former stepdaughters.

[3]Effective in August 2006, La.R.S. 14:81, which was amended and reenacted, provided that if the victim is under the age of thirteen when the offender is seventeen years of age or older, the penalty is at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without the benefit of parole, probation or suspension of

In *State v. Badeaux,* 01-406, p. 8 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414, the court held in pertinent part:

> Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. *State v. McCorkle*, 97-966 (La.App. 5th Cir. 2/25/98), 708 So.2d 1212, 1218. However, the jurisprudence indicates that maximum, or nearly maximum terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile.

In *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, the defendant was charged with aggravated crime against nature, molestation of a juvenile and aggravated oral sexual battery against a three year old juvenile. The defendant entered a guilty plea to the amended charge of indecent behavior with a juvenile, and the state dismissed the remaining charges. On appeal, the defendant contended that his seven-year sentence was excessive due to him being sixty-nine years of age, wheelchair bound, no significant prior criminal history, and no prior convictions for sexual offenses. This court found the seven-year sentence was not excessive.

In *State v. Kirsch*, 02-993 (La.App. 1 Cir. 12/20/02), 836 So.2d 390, *writ denied*, 03-238 (La. 9/5/03), 852 So.2d 1024, the court found a sentence of seven years at hard labor, three years suspended, not excessive where a neighbor and close family friend exposed the eight-year-old victim to sexually explicit material and comments, removed her clothes, viewed her "private parts," touched her vaginal area through her clothing and forced the victim to fondle his genital area.

---

sentence.

In *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350, the court affirmed a sentence for the offense of indecent behavior with a juvenile of seven years at hard labor, and a fine of $5,000.00, where a step-grandfather fondled a nine-year-old victim on two separate occasions when the victim visited his home.

Conversely, in *State v. Whatley,* 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, this court found the sentence of seven years at hard labor excessive. At trial, the victim testified the defendant kissed her, hugged her, and touched her back, neck and the sides of her breasts. This court considered the following:

> The defendant was fifty-three years old at the time of the offense and apparently had led a crime-free life. While the evidence indicates that he did use some physical restraint of the victim, the offense entailed no physical violence. Additionally, despite the clear opportunity to do so, the defendant did not attempt to press his physical and timing advantage on his victim. Instead, after she rebuffed his advances, he left. The nature of the defendant's touching, although inexcusable, is not compatible with the degree of touching associated with those cases in which the courts have chosen to render a maximum sentence.

*Id*. at 959.

Additionally, in *State v. Lisotta,* 97-406 (La.App. 5 Cir. 2/25/98), 712 So.2d 527, the court found the sentence of seven years at hard labor excessive. At trial, the victim testified she went to the defendant's residence alone and uninvited to look for a pager (beeper) she thought she had left there. The victim testified while there, the defendant kissed her, took his and her clothes off, touched her whole body, and inserted his fingers in her vagina.[4]

After reviewing the nature of the crime, the nature and background of the Defendant, and sentences imposed for similar crimes, we find the trial court did

---

[4]Following the trial court's resentencing the defendant to six years at hard labor, the defendant again appealed arguing his sentence was excessive; however, the second circuit affirmed the sentence. *State v. Lisotta,* 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183.

not abuse its wide discretion in sentencing the Defendant to the seven year period of incarceration and to the maximum fine.

## ERROR PATENT

Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including indecent behavior with a juvenile. In this case, the trial court failed to deny the Defendant diminution of sentence pursuant to La.R.S. 15:537. In *State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694, this court explained in pertinent part:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-392, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
>> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
>> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

*Id.* at 1247.

Consequently, we amend the Defendant's sentence to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537, and to instruct the trial court to note the amendment in the court minutes.

## CONCLUSION

The Defendant's conviction and sentence are affirmed. Additionally, the Defendant's sentence is amended to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537, and the trial court is instructed to note the amendment in the court minutes.

**AFFIRMED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.